Jimmy Barberan
Tatsiana Barberan
15 Woodlake Drive
Middletown, NY 10940
(845)342-6473



# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

**'07 CIV 11595**
**JUDGE KARAS**

| | |
|---|---|
| JIMMY BARBERAN AND TATSIANA BARBERAN, HUSBAND AND WIFE, | Case No.: |
| Plaintiffs, | **VERIFIED COMPLAINT** |
| vs. | Quiet Title, |
| NATIONPOINT A DIVISION OF NATIONAL CITY BANK; | TILA (15 U.S.C. § 1601 et seq.), Breach of Contract, FCRA (15 U.S.C. § 1681), |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ATIMA; | |
| NATIONPOINT LOAN SERVICES, ISAOA; | |
| UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE, | |
| Defendants. | [Supplemental State Claims] |

We, Jimmy and Tatsiana Barberan, declare:

### Preliminary Statement

1. Defendants violated and impaired Plaintiffs' Constitutional rights, statutory and common

law rights to own property and the privacy of our their home. Our home is our castle.

VERIFIED COMPLAINT                                                                                  Page 1 of 11

2. This action is an action for damages and equitable relief, including compensatory damages, punitive damages and attorney's fees and costs, to quiet the title to Plaintiffs' property, to redress violation of the Plaintiffs' constitutional and statutorily protected rights, state statutory and common law rights.

3. Plaintiffs seek rescission of the loan agreement, cancellation of the Note and Mortgage, cancellation of the foreclosure proceedings, restoration of title to the property in Plaintiffs' names, restitution of all money, including loan fees, paid by Plaintiffs, restitution of all closing costs paid by Plaintiffs for said loan, and other equitable relief as this Court deems proper.

4. In this Complaint, allegations marked (*) are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## Jurisdiction and Venue

5. Jurisdiction is under including but limited to 12 U.S.C. § 2614; 28 U.S.C. §§ 636, 1251, 1331, 1332, 1338, 1345, 1346, 1348, 1362, 1367, 1491, 1652, 2201; 12 U.S.C. §§ 632, 2610, 3416; 15 U.S.C. §§ 4, 45, 687c, 1051, 1121, 1640, 1692k, 1681p. Plaintiffs and Defendants are citizens of different States. The value at issue exceeds $75,001.00. The Plaintiffs request that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Venue for this action lies in this district since:

(a) Defendants are subject to personal jurisdiction of the State of New York and have sufficient contacts with this district under 28 U.S.C. § 1391 (b)(2).

(b) Substantial acts and omissions in this action occurred in this district under 28 U.S.C. § 1391 (b) (2) and/or (c).

7. This matter is properly filed in this District. The claims arose in this District and all

Defendants reside and/or do business in this District.

## Parties

8. Plaintiffs are citizens of New York.

9. Defendant, NATIONPOINT A DIVISION OF NATIONAL CITY BANK ("Lender") is a foreign corporation, doing business in New York, although apparently not registered to do business in New York, and its successors and assigns.

10. Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., As Their Interests May Appear ("MERS") is a Delaware corporation.

11. Defendant, HOME LOAN SERVICES, INC., d.b.a. NATIONPOINT LOAN SERVICES, Its Successors And Or Assigns, is a foreign corporation, doing business in New York, although apparently not registered to do business in New York; and is possibly a subsidiary of Fidelity National Information Services, Inc., a foreign corporation, doing business in New York, although apparently not registered to do business in New York; and its successors and assigns.

12. (*) Defendant, UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE is an unknown corporation.

## Factual Allegations:

All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

13. Plaintiffs were and are the owners of the property at **15 Woodlake Drive, Middletown, New York 10940** (hereafter "the Homestead"), legally described as:

> **LAND SITUATED IN THE CITY OF MIDDLETOWN IN THE COUNTY OF ORANGE IN THE STATE OF NY**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDING AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE CITY OF MIDDLETOWN, COUNTY OF ORANGE AND STATE OF NEW YORK MORE ACCURATELY BOUNDED AND DESCRIBED AS FOLLOWS: THE CONDOMINIUM UNIT (DESIGNATED AS UNIT 15, BUILDING 17 IN THAT CERTAIN DECLARATION DATED 07-26-88 ESTABLISHING A PLAN FOR ONE OF THE BUILDINGS KNOWN AS SPRING HOLLOW CONDOMINIUM, TWO, MIDDLETOWN, NEW YORK AND THE LAND ON WHICH THE BUILDINGS ARE ERECTED PURSUANT TO ARTICLES 9-B OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK WHICH DECLARATION WAS RECORDED IN THE OFFICE OF THE COUNTY CLERK'S OF ORANGE COUNTY (DIVISION OF LAND RECORDS) ON 07-28-88 IN LIBER 2980 PAGE 1. THIS UNIT IS ON THE FLOOR PLANS OF THE BUILDINGS CERTIFIED BY RONALD F. DRAGO, ARCHITECT, ON DECEMBER 4, 1987 AND FILED IN SAID CLERK'S OFFICE ON THE 4TH DAY OF DECEMBER 1987 AS MAP NO. 8630. TOGETHER WITH AN UNDIVIDED 1.7590 PERCENTAGE OF COMMON INTEREST IN THE COMMON ELEMENTS AS SUCH TERMS ARE DEFINED IN THE DECLARATION).

14. Plaintiffs are, and have been, in continuous possession of the Homestead.

15. Plaintiffs did not make a forcible entry into the Homestead.

16. Plaintiffs are not unlawfully holding the possession of the Homestead by force.

17. Plaintiffs have never sold the Homestead.

18. Defendants claim that on or about October 18, 2006, Plaintiffs signed a Promissory Note ("Note"), and entered into a consumer mortgage transaction with the Lender (Loan No. MIN 1004252400010533815), in the form of a boilerplate adhesion contract drafted by the Lender, and that the extended consumer credit was subject to a finance charge and was initially payable to the Lender on the face of the Note.

19. In fact, Plaintiffs did not sign or agree to such a transaction.

20. Plaintiffs deny signature on that Promissory Note and that alleged contract.

21. There was never a meeting of the minds.

22. For purposes of this Complaint, even though Plaintiffs did not agree to such transaction nor sign the documents in question, it is assumed that Defendants will succeed in persuading this Court that Plaintiffs did so agree and sign. Even if this Court is persuaded that there was such an agreement, there are other problems with the purported agreement that are sufficient to negate it. However, Plaintiffs maintain the continuing objection that they did not agree nor sign. All references to "agreement," "transaction," "loan," "signature," "contract," "mortgage,""Promissory Note," etc. are not intended as admissions but are intended to mean "purported/alleged agreement," "purported/alleged transaction," "purported/alleged loan," "purported/alleged signature," "purported/alleged contract," "purported/alleged mortgage," "purported/alleged Promissory Note," etc.

23. (*) At all times relevant to this action, the Lender regularly extended and offered to extend consumer credit subject to a finance charge or which, by written agreement, is payable in more than four installments (not including a down-payment) and offered services in support thereof.

24. The alleged obligation was secured by the Homestead and principal dwelling of Plaintiffs.

25. (*) The Lender knowingly inserted into the alleged documents several false and/or conclusory statements.

26. (*) No one ever paid any consideration for the aforementioned Note.

27. At closing, the Lender failed to give to the Plaintiffs all material disclosures required by the Truth in Lending Act and by other applicable law. Although the Lender did give Plaintiffs a total of two copies of Notice of Right to Cancel as required by TILA, the Notice of Right to Cancel did not match the Federal Reserve Board Model Form H-8, and contained language not authorized by

statute that was ambiguous and misleading, and the expiration date was not correct.

28. Plaintiffs kept the loan paid current, up until they rescinded it.

29. On November 24, 2007, Plaintiffs sent Notice of Rescission to the Lender.

30. 20 days have passed since the Notice of Rescission and Defendants have not returned any money or property and have not recorded a release of the security interest.

31. (*) The Lender assigned its interest, but neglected to record an assignment in the county records.

32. (*) MERS has a pattern and practice of recording false assignments in county records.

33. (*) MERS has recorded, or intends to record, a false assignment of the alleged loan to UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE in the Orange County records.

34. (*) The Lender is not Owner and Holder of the Note.

35. (*) MERS is not Owner and Holder of the Note.

36. (*) NATIONPOINT LOAN SERVICES is not Owner and Holder of the Note.

37. (*) NATIONPOINT LOAN SERVICES did not credit all payments to Plaintiffs' account.

38. If the identity of the owner and holder of the Note is not established now, someone else may show up later holding the Note and sue Plaintiffs or otherwise attempt to collect.

39. (*) The Holder has discharged the Promissory Note by materially and fraudulently altering it, and/or cancelling and/or renouncing it.

### First Cause of Action - Quiet Title

### (Against All Defendants)

For their first claim for relief, Plaintiffs reallege and incorporate the above paragraphs and

further allege:

40. At all times relevant to this Complaint, Plaintiffs were and are in possession and have been in continuous possession of the Homestead, against all the world, and have paid all lawful property taxes thereon.

41. Plaintiffs have superior and legal title to, and other interest in, the Homestead.

42. At all times relevant to this Complaint, Plaintiffs were and are the owner of the Homestead and entitled to such ownership and use without interference by Defendants.

43. Defendants' claims to any right, title or interest in the property are false and without merit.

44. (*) Defendants are not the owners or holders of any promissory note encumbering the Homestead.

45. Plaintiffs bring this suit against Defendants who claim an adverse interest or estate in the Property for the purpose of determining such conflicting or adverse claims, interests or estates.

46. Plaintiffs seek rescission of the loan, Judgment, Order and Decree quieting title to the Homestead in Plaintiffs, and such further equitable relief as the Court deems proper.

## Second Cause of Action - Truth in Lending Act (15 U.S.C. § 1601 et seq.)

### (Against All Defendants)

For their second claim for relief, Plaintiffs reallege and incorporate the above paragraphs and further allege:

47. Plaintiffs timely rescinded the loan. Defendants failed and refused to cooperate with the rescission.

48. As a result, Plaintiffs sustained damages in an amount to be determined at trial.

## Third Cause of Action - Breach of Contract

**(Against Defendant NATIONPOINT A DIVISION OF NATIONAL CITY BANK)**

49. For their third claim for relief, Plaintiffs reallege and incorporate the above paragraphs and further allege:

50. Even though Plaintiffs and Defendant did not enter into a contract, this claim is made on the assumption that this Court finds that Plaintiffs and Defendant did enter into a contract.

51. This claim arises under New York contract law.

52. (*) Plaintiffs and Defendant entered into one or more enforceable contract(s), planned and drafted by Defendant.

53. (*) Plaintiffs performed all conditions precedent to Defendant's performance.

54. (*) Defendant unjustifiably breached the contract(s).

55. (*) Plaintiffs suffered actual and consequential damages or loss proximately caused by that breach.

56. (*) Defendant, by breaching the contract(s), repudiated them. Plaintiffs hereby indicates that they accepts Defendant's repudiations so that the contract(s) are discharged.

57. (*) As a result of Defendants' wrongful actions, Plaintiffs suffered actual and consequential damages exceeding $209,000.00 to be determined at trial, for which Defendant is liable.

**Fourth Cause of Action - Fair Credit Reporting Act (15 U.S.C. § 1691)**

**(Against Defendant NATIONPOINT LOAN SERVICES, ISAOA)**

For his fourth claim for relief, Plaintiffs reallege and incorporate the above paragraphs and further alleges:

58. Defendant is a person who furnishes information to credit reporting agencies under 15 U.S.C. § 1681s-2.

59.   (*) Defendant negligently and willfully failed to comply with provisions of the Fair Credit Reporting Act ("FCRA") including, without limitation, failing to comply with 15 U.S.C. § 1681s-2(b). Defendant made false statements to credit bureaus. Defendant neglected to make true statements to credit bureaus.

60.   (*) Because of Defendants' failure, Plaintiffs face a possible wrongful foreclosure of their home, suffered impaired credit, and otherwise suffered actual and consequential damages exceeding $75,001.00 to be determined at trial, for which Defendant is liable.

61.   (*) As a result of Defendants' wrongful actions, Plaintiffs face a possible wrongful foreclosure of their home, and otherwise suffered actual and consequential damages exceeding $75,001.00 to be determined at trial, for which Defendant is liable.

### Prayer for Relief:

62.   Plaintiffs pray this honorable Court take jurisdiction of this case.

63.   Plaintiffs pray for Decrees and Judgments as follows:

64.   Enjoin, immediately, all Defendants, during the pendency of this action, and permanently thereafter, from recording any deeds or mortgages regarding the Homestead; from selling, assigning or transferring mortgages, trust deeds or obligations relating to the Homestead; from instituting, prosecuting, or maintaining nonjudicial or judicial foreclosure proceedings against the Homestead; from instituting, prosecuting, or maintaining ejectment or F.E.D. proceedings against Plaintiffs; or from otherwise taking any steps to deprive Plaintiffs of ownership and/or enjoyment of the Homestead.

65.   Declaratory judgment that the alleged contract is unconscionable.

66.   Declaratory judgment that Plaintiffs have clear title to the property, free from any

encumbrances by Defendants, and that Defendant have no valid security interest in Plaintiffs' property, or in the alternative, reformation of the contract.

67. On Plaintiffs' First Claim (Quiet Title):

   (A) a Judgment and Decree quieting title in favor of Plaintiffs;

   (B) Order Defendants to rescind and cancel the alleged contract in its entirety and return to Plaintiffs any and all of their original signed documents; or in the alternative, money judgment in an amount sufficient to retire the alleged contract;

   (C) Order Defendant NATIONPOINT A DIVISION OF NATIONAL CITY BANK to take all action necessary to terminate any security in the Homestead created under the transaction and that the Court declare all such security void, including but not limited to the aforementioned deed of trust.

68. On Plaintiffs' Second Claim (TILA): a Judgment and Decree for $1,000.00 per violation, rescission, punitive damages, actual damages, attorney fees and costs, against NATIONPOINT A DIVISION OF NATIONAL CITY BANK;

69. On Plaintiffs' Third Claim (Breach of Contract): a Judgment and Decree for $209,000.00, interest, punitive damages, actual damages, attorney fees and costs, against NATIONPOINT A DIVISION OF NATIONAL CITY BANK;

70. On Plaintiff's Fourth Claim (FCRA): a Judgment and Decree for $75,001.00, punitive damages, actual damages, attorney fees and costs, against NATIONPOINT LOAN SERVICES, ISAOA;

71. Such other relief as the Court deems just and proper.

**VERIFICATION**

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. See 28 U.S.C. 1746.

Executed by: _____  DATED: 12/27/2007
Jimmy Barberan, Plaintiff
15 Woodlake Drive
Middletown, NY 10940
(845)342-6473

Executed by: _____  DATED: 12/27/2007
Tatsiana Barberan, Plaintiff
15 Woodlake Drive
Middletown, NY 10940
(845)342-6473