UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JIMMY BARBERAN AND TATSIANA
BARBERAN, HUSBAND AND WIFE,

                                Plaintiff,

                                                                              VERIFIED ANSWER
              -against-                                  CV: 07/11595

NATIONPOINT A DIVISION OF NATIONAL CITY      Magistrate/Judge:
BANK, MORTGAGE ELECTRONIC REGISTRATION   Judge Karas
SYSTEMS, INC., NATIONPOINT LOAN
SERVICES, UNKNOWN OWNERS OF THE
EVIDENCE OF THE DEBT and/or OWNERS OF
THE NOTE,

                                Defendants.
------------------------------------------------------------------X

       As and for their Verified Answer to the Verified Complaint of the Plaintiffs, the Defendants, NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND NATIONPOINT LOAN SERVICES, by and through their attorneys, Law Offices of Craig P. Curcio, herein states and alleges as follows:

**PRELIMINARY STATEMENT**

FIRST:  Deny each and every allegation contained in Paragraph numbered "1" of the complaint herein.

SECOND:  Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs numbered "3" and "4" of the complaint herein.

THIRD:  Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph numbered "2" of the complaint herein and refer all questions of law to the Court.

**JURISDICTION AND VENUE**

FOURTH: Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs numbered "5" and "6" of the complaint herein and refer all questions of law to the Court.

FIFTH: Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph numbered "7" of the complaint herein.

## PARTIES

SIXTH: Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs numbered "8", "9", "10", "11" and "12" of the complaint herein.

## FACTUAL ALLEGATIONS

SEVENTH: Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs numbered "13", "23", "26", "28", "30", "31", "34", "35", "36" and "39" of the complaint herein and refer all questions of law to the Court.

EIGHTH: Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs numbered "14", "15", "16", "!7", "18", "19", "20", "21", "22", "24", "29" and "38" of the complaint herein.

NINTH: Deny each and every allegation contained in Paragraphs numbered "25", "32", "33" and "37" of the complaint herein.

TENTH: Deny each and every allegation contained in Paragraph numbered "27" of the complaint herein and refer all questions of law to the Court.

## ANSWERING THE FIRST CAUSE OF ACTION

ELEVENTH: Repeat and reallege each and every admission and denial heretofore made herein

with respect to those Paragraphs numbered "1" through the unnumbered paragraph preceding Paragraph "40" of the complaint with the same force and effect as if set forth at length herein.

TWELFTH: Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs numbered "40" and "44" of the complaint herein.

THIRTEENTH: Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs numbered "41", "42", "45" and "46" of the complaint herein and refer all questions of law to the Court.

FOURTEENTH: Deny each and every allegation contained in Paragraph numbered "43" of the complaint herein.

## ANSWERING THE SECOND CAUSE OF ACTION

FIFTEENTH: Repeat and reallege each and every admission and denial heretofore made herein with respect to those Paragraphs numbered "1" through the unnumbered paragraph preceding Paragraph "47" of the complaint with the same force and effect as if set forth at length herein.

SIXTEENTH: Deny each and every allegation contained in Paragraph numbered "47" of the complaint herein and refer all questions of law to the Court.

SEVENTEENTH: Deny each and every allegation contained in Paragraph numbered "48" of the complaint herein.

## ANSWERING THE THIRD CAUSE OF ACTION

EIGHTEENTH: As and for a response to Paragraph "49", Defendants repeat and reallege each and every admission and denial heretofore made herein with respect to those Paragraphs numbered "1" through "48" of the complaint with the same force and effect as if set forth at

length herein.

NINETEENTH:  Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs numbered "50" and "53" of the complaint herein and refer all questions of law to the Court.

TWENTIETH:  Deny each and every allegation contained in Paragraph numbered "54" of the complaint herein.

TWENTY-FIRST:  Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph numbered  "52" of the complaint herein**.**

TWENTY-SECOND:  Deny each and every allegation contained in Paragraphs numbered "51", "55", "56" and "57" of the complaint herein and refer all questions of law to the Court.

## ANSWERING THE FOURTH CAUSE OF ACTION

TWENTY-THIRD:   Repeat and reallege each and every admission and denial heretofore made herein with respect to those Paragraphs numbered "1" through the unnumbered paragraph preceding Paragraph "58" of the complaint with the same force and effect as if set forth at length herein.

TWENTY-FOURTH:  Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph numbered "58" of the complaint herein and refer all questions of law to the Court.

TWENTY-FIFTH:  Deny each and every allegation contained in Paragraphs numbered "59", "60" and "61" of the complaint herein.

## PRAYER FOR RELIEF

TWENTY-SIXTH:   Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph numbered "62" of the complaint herein and refer all questions of law to the Court.

TWENTY-SEVENTH:  Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs numbered "63" and "71" of the complaint herein.

TWENTY-EIGHTH:   Deny each and every allegation contained in Paragraphs numbered "64", "65", "66" and "67" of the complaint herein and refer all questions of law to the Court.

TWENTY-NINTH:  Deny each and every allegation contained in Paragraphs numbered "68", "69" and "70" of the complaint herein.

AS AND FOR A FIRST SEPARATE AFFIRMATIVE COMPLETE AND/OR PARTIAL DEFENSE, THE DEFENDANTS, NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY  BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND NATIONPOINT LOAN SERVICES, ALLEGES:

THIRTIETH: That there was no negligence, fault, culpable conduct, deceit, misrepresentations, false assignments, or recording of false documents on the part of Defendants, NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY  BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND NATIONPOINT LOAN SERVICES, causing the damages alleged in the complaint; furthermore, there was negligence, fault, culpable conduct, deceit, misrepresentations, and the intentional improper and unlawful disavowal by plaintiffs of their lawful financial and other obligations to Defendants, to the extent of total and/or partial diminution of damages alleged in the complaint.

AS AND FOR A SECOND SEPARATE AFFIRMATIVE COMPLETE AND/OR PARTIAL DEFENSE, THE DEFENDANTS, NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND NATIONPOINT LOAN SERVICES, ALLEGES

THIRTY-FIRST: That the complaint fails to state a cognizable cause of action upon which relief can be granted.

THIRTY-SECOND: As a matter of law, the complaint must be dismissed.

AS AND FOR A THIRD SEPARATE AFFIRMATIVE COMPLETE AND/OR PARTIAL DEFENSE, THE DEFENDANTS, NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND NATIONPOINT LOAN SERVICES, ALLEGES:

THIRTY-THIRD: The complaint is frivolous, meritless and delusional, and attempts to make a mockery of this Court which warrants the imposition of sanctions.

AS AND FOR A FOURTH SEPARATE AFFIRMATIVE COMPLETE AND/OR PARTIAL DEFENSE, THE DEFENDANTS, NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND NATIONPOINT LOAN SERVICES, ALLEGES:

THIRTY-FOURTH: Plaintiffs' claims are barred by the doctrine of estoppel, and the complaint must be dismissed as a matter of law.

AS AND FOR A FIFTH SEPARATE AFFIRMATIVE COMPLETE AND/OR PARTIAL DEFENSE, THE DEFENDANTS, NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND NATIONPOINT LOAN SERVICES, ALLEGES:

THIRTY-FIFTH: The alleged acts and/or omissions by Defendants, if any, were not the proximate cause of Plaintiffs' injuries, and the complaint must be dismissed as a matter of law.

WHEREFORE, Defendants, NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND NATIONPOINT LOAN SERVICES, demand judgment as follows:

(a)    Dismissing Plaintiffs' complaint in its entirety, together with the costs and disbursements of this action;

(b)    Imposing sanctions on Plaintiffs for bringing a frivolous and meritless claim;

(c)    In the alternative, if Plaintiffs prevail, Defendants demand judgment determining the respective percentages of fault on the part of Plaintiffs and Defendants, and other parties and determining the amount of indemnity owing, respectively, if any.

Dated: Middletown, New York
       March 6, 2008

                                                Yours,

                                                By:_____
                                                    Douglas S. Goldberg (DG-5127)

                                                Law Offices of Craig P. Curcio
                                                Attorney for Defendants, NATIONPOINT, INC.
                                                s/h/a NATIONPOINT A DIVISION OF
                                                NATIONAL CITY BANK, MORTGAGE
                                                ELECTRONIC REGISTRATION SYSTEMS,
                                                INC., AND NATIONPOINT LOAN SERVICES
                                                One Edgewater Drive
                                                Middletown, New York 10940
                                                845.344.2524

TO:
Jimmy Barberan and
Tatsiana Barberan

Plaintiffs *pro se*
15 Woodlake Drive
Middletown, New York 10940
845.342.6473

STATE OF NEW YORK        )
                         ) SS:
COUNTY OF ORANGE         )

DOUGLAS S. GOLDBERG, an attorney duly admitted to practice law in the Courts of the State of New York and United States District Court, Southern District of New York, hereby affirms the following under penalty of perjury:

I am an associate of the Law Offices of Craig P. Curcio, counsel for Defendants, NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and NATIONPOINT LOAN SERVICES, and as such am fully familiar with the facts and circumstances of this action.

I have read the foregoing Verified Answer and know the contents thereof; the same are true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

This affirmation is made by myself and not by the Defendants, NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and NATIONPOINT LOAN SERVICES, because Defendants' business is in a county other than the one wherein I maintain my office and practice.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: conference with the client and notes and records in the file.

Dated:  Middletown, New York
        March 6, 2008

_____
            Douglas S. Goldberg (DG-5127)