Scott S. McKessy (SM-5479)
Jordan W. Siev (JS-8043)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY BARBERAN AND TATSIANA BARBERAN,<br><br>               Plaintiffs,<br><br>      -v-<br><br>NATIONPOINT, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., NATIONPOINT LOAN SERVICES, and UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE,<br><br>            Defendants. | Case No. 07-CV-11595 (KMK) |
| LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR FIRST FRANKLIN LOAN TRUST 2006-FF-18 MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FF18<br><br>            Cross-Claimant,<br><br>TATSIANA BARBERAN, JIMMY BARBERAN, BOARD OF MANAGERS OF SPRING HOLLOW CONDOMINIUM TWO and JOHN DOE,<br><br>            Cross-Defendants. | **MEMORANDUM OF LAW OF DEFENDANTS NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND NATIONPOINT LOAN SERVICES, IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS** |

REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
212-521-5400
Attorneys for Defendants
Nationpoint, Inc., s/h/a Nationpoint a Division of National City Bank,
Mortgage Electronic Registration Systems, Inc. and
Nationpoint Loan Services

## PRELIMINARY STATEMENT

Defendants Nationpoint, Inc., s/h/a Nationpoint a Division of National City Bank ("Nationpoint"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Nationpoint Loan Services ("NLS"), by and through their attorneys Reed Smith, LLP, hereby submit this Memorandum of Law in support of their motion for judgment on the pleadings pursuant to Fed. R. Civ. P. Rule 12(c).

Plaintiffs Jimmy and Tatsiana Barberan's ("Plaintiffs") improbable story is that even though they never executed a mortgage or financing arrangement with Nationpoint, they "kept the loan paid current" for 13 months, until they rescinded it. From this improbable start, Plaintiffs' tale grows more fanciful resulting, not surprisingly, in their failure to state a claim upon which relief can be granted.

Plaintiffs purport to assert four causes of action: 1) to Quiet Title, because Plaintiffs allege they never entered into any mortgage agreement with the Defendants; 2) rescission under the Truth in Lending Act ("TILA"); 3) Breach of Contract against Nationpoint; and 4) violation by defendant NLS of the Fair Credit Reporting Act ("FCRA") for allegedly providing inaccurate credit information to a credit reporting agency.

As more fully explained below, each of Plaintiffs' four causes of action is fatally flawed and fails to state a claim upon which relief can be granted as:

- Plaintiffs signed the mortgage agreement granting rights to the property in question, before a notary, and made loan payments for 13 months before seeking rescission, thus undoing their Quiet Title claim;

- Plaintiffs' TILA claim is based upon facially erroneous allegations of nonconformity of the Notices of Right To Cancel ("NRC") provided to them by Defendants;

- Plaintiffs' unspecified allegation of breach of an agreement by Defendant Nationpoint is fatally vague; and

- Plaintiffs have failed to allege the necessary conditions precedent to state their

  FCRA claim, even presuming that a right of private action exists under the statute.

Thus, judgment on the pleadings pursuant to Fed. R. Civ. P. Rule 12(c) is warranted in this case.

## RELEVANT ALLEGATIONS

While Plaintiffs' factual averments must be taken as true for the purposes of this motion, such is not the case with Plaintiffs' self-contradictory allegations, nor their conclusions of law masquerading as purported factual allegations. Relevant allegations from the Complaint, which Plaintiffs verified, and thus made under penalty of perjury, include the following:

Plaintiffs allege that "Defendants claim that, on or about October 18, 2006," they signed a Promissory Note ("Note"), and entered into a consumer mortgage transaction with Defendant Nationpoint (Loan No. MN 100425240010533815) (the "Mortgage"). Complaint ¶ 18. Plaintiffs deny that they signed or agreed to "such a transaction." Complaint ¶¶ 19-20, 44. The loan (the one Plaintiffs allege they did not sign or agree to), was secured by Plaintiffs' residence, the property located at 15 Woodlake Drive, Middletown, New York 10940 (the "Homestead"). Complaint ¶ 24. Further, and notwithstanding Plaintiffs' claim that they never entered into a loan transaction with Defendants, Plaintiffs *also* allege that they made payments on "the loan" and kept it "paid current" up until they sent a "Notice of Rescission" on November 24, 2007. Complaint ¶¶ 28, 29.

Plaintiffs further allege that Nationpoint failed to give them all material disclosures required by TILA and by other applicable law. Complaint ¶ 27. Specifically, while Plaintiffs concede that they received two copies of the Notice of Right To Cancel ("NRC") required by TILA, they claim that the NRC "did not match the Federal Reserve Board Model Form H-8 ("Form H-8"), and contained language not authorized by statute that was ambiguous and misleading and the expiration date was not correct." Complaint ¶ 27.

Continuing on, Plaintiffs allege that even though Plaintiffs and Defendant Nationpoint did not enter into a contract, Plaintiffs performed all conditions precedent to Nationpoint's

performance under such contract, and that Nationpoint unjustifiably breached the (unspecified) contract. Complaint ¶¶ 50, 53, 54. Finally, Plaintiffs also claim that Defendant NLS failed to comply with provisions of the FCRA in that NLS made false statements to credit bureaus. Complaint ¶ 59.

As detailed below, all of Plaintiffs' allegations easily are disposed of by reference to the operative documents which they signed, and which properly are considered on this motion, by reference to their facially invalid allegations, or by reference to the relevant statutory language and case law. Thus, Defendants should be granted judgment on the pleadings.

## ARGUMENT

### THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.    Legal Standard for Rule 12(c) Judgment on the Pleadings**

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001); *accord DeMuria v. Hawkes*, 328 F.3d 704, 706 n.1 (2d Cir. 2003). Like a Rule 12(b)(6) motion, a Rule 12(c) motion tests the legal sufficiency of a complaint. *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). Thus, the court "must accept as true the allegations contained in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Blue Trees Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). Judgment on the pleadings is appropriate when a plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Id.* "While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Accordingly, the court should give "no credence to plaintiff's conclusory allegations." *Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002).

**B.      Plaintiffs' Claim to Quiet Title Fails, Since the Loan Documents Bear Their Notarized Signatures**

Plaintiffs' first cause of action is to quiet title, as they allege that Defendants have no rights in the subject property. Nationpoint, however, is in possession of mortgage documents and a promissory note, executed by Plaintiffs, which grant Nationpoint a security interest in the subject property. Clearly, having executed the Note and Mortgage in favor of Defendants, Plaintiffs granted them substantial rights in the subject property. *See* the Note (Attached to the Declaration of Jordan W. Siev, dated June 5, 2008 ("Siev Dec."), as Exhibit A), and the Mortgage, page 3 ("BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY") (Attached to the Siev Dec. as Exhibit B).[1]

Moreover, Plaintiffs affirmatively plead that they made their monthly mortgage payments under the Note with Defendants for more than one year. Complaint ¶¶ 18, 28, 29. This allegation makes Plaintiffs' other unsupported allegation that they never entered into a mortgage transaction with Defendants inherently incredible, requiring dismissal of this claim. *Haviland v. J. Aron & Co.*, 796 F.Supp. 95, 97 (S.D.N.Y.), *aff'd*, 986 F.2d 499 (2d Cir.1992), *cert. denied*, 507 U.S. 1051, 113 S.Ct. 1945, 123 L.Ed.2d 650 (1993) ("we need not credit 'baldly conclusory' statements that are unsupported by any factual basis") (citation omitted).

The incredible nature of Plaintiffs' allegations in this case are further buttressed by the fact that Plaintiffs apparently have a habit of making them. This case does not represent the only time plaintiff Jimmy Barberan and/or persons who apparently are members of his immediate

---

[1]      The Note and the Mortgage properly are considered in the context of this Rule 12(c) motion because they are referenced in and are integral to the Complaint, and "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*). Further, where a party "has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint," such information may be considered without converting the motion into one for summary judgment. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991). *See also Junk v. AON Corp.*, Case No. 07 Civ. 4640, 2007 U.S. Dist. LEXIS 89741 at *10 (S.D.N.Y. December 3, 2007) (a court may consider written agreements in plaintiffs' possession or which plaintiffs had knowledge of or relied upon in bringing suit).

family have attempted to assert this type of inherently incredible claim in relation to a mortgage transaction. An individual believed to be related to Jimmy Barberan, Jose Barberan, filed a complaint in an action pending in this Court before Judge Brieant captioned *Jose Barberan v. World Savings Bank, et al.*, Case No. 07 CIV 8821 (CLB). The allegations in this *World Savings Bank* complaint parallel those in the present complaint virtually word for word and in almost every detail, including in the incredible claim that the plaintiff in that matter never signed his mortgage documents either. A copy of the *World Savings Bank* complaint is attached as Exhibit E to the Siev Dec.[2]

The allegations in support of Plaintiffs' first claim are inherently incredible and self-contradictory, particularly in view of the documentary record before the Court, and therefore fail to state a claim upon which relief can be granted. This claim should thus be dismissed.

**C.    Plaintiffs' TILA Claim Fails to Allege Anything Actionable**

Plaintiffs' second cause of action is for rescission under TILA. Plaintiffs' allegation that the rescission was timely is incorrect as a matter or law. TILA provides that the time to rescind is three days, barring specifically enumerated violations. *See* 12 CFR § 226.15 (a)(3). While the complaint is unclear upon what basis Plaintiffs claim Defendants violated TILA, this claim appears to be based upon the allegation that the NRC was in a form different than that of Form H-8, and that it contained an expiration date that was not correct. Neither contention has any basis whatsoever.

First, a simple comparison of the NRC, executed by Plaintiffs, to Form H-8 establishes that the two forms are identical. *See* Exhibits C and D to the Siev Dec., which are copies of the

---

[2]    Consideration of the *World Savings Bank* complaint in the context of this motion is proper. *Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotel & Resorts Worldwide Inc.*, 369 F.3d 212, 217 (2d. Cir. 2004) (on a motion to dismiss, a court may consider complaints filed in other actions). *See also Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (although the court's "consideration is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference. . . . [the court] may also look to public records . . . in deciding a motion to dismiss").

NRCs and Form H-8, respectively. Second, the mortgage transaction was entered into on October 18, 2006 (Complaint ¶ 18), and the NRCs state that Saturday, October 21, 2006 is the last day to rescind. Thus, the NRC provides the required three day notice as, by statute, for purposes of the NRC, Saturday is considered a business day. 12 CFR § 226.2(a)(6). For these reasons, there is nothing actionable about the NRC, and Plaintiffs' second claim should be dismissed. *See Mills v. Equicredit Corp.*, 172 Fed.Appx. 652, 656-7 (6th Cir. 2006) (dismissing claim for rescission under TILA based upon conclusory pleading that NRC was inadequate).

**D.     Plaintiffs' Breach of Contract Claim Fails for Being Fatally Vague**

Plaintiffs' third cause of action is only against Nationpoint and is for breach of contract. Plaintiffs do not allege what contract they are claiming was breached, nor what provision was breached. Even if it is assumed for the purposes of this motion that the contract at issue is the Note or the Mortgage, the mere conclusory allegation that Nationpoint "unjustifiably breached the contract(s)" (Complaint ¶ 54) is insufficient to plead a breach of contract claim. "For a breach of contract claim, Plaintiff must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue." *Levy v. Bessemer Trust Co., N.A.*, Case No. 97 Civ. 1785 (JFK), 1997 U.S. Dist. LEXIS 11056 at *14 (S.D.N.Y. July 30, 1997) (internal citations omitted). Here, the complaint is devoid of any such allegations, and this claim must fail as well.

**E.     Plaintiffs' Purported FCRA Claim Lacks Necessary Predicates**

Plaintiffs' final cause of action is asserted against NLS and purportedly is for violation of § 1681s-2(b) of FCRA, codified as 15 U.S.C. § 1681s-2(b). This claim is based upon the allegation that NLS, as a furnisher of information, provided inaccurate information to a credit reporting agency and, as a result, NLS violated FCRA. Even assuming *arguendo* that incorrect information was provided *and* that a private right of action exists under § 1681s-2(b) of FCRA, Plaintiffs have not alleged the necessary predicate facts to maintain a private cause of action under § 1681s-2(b) of FCRA against a furnisher of information.

Section 1681s-2 of FCRA imposes two duties on providers of credit information to consumer reporting agencies. First, under § 1681s-2(a), information providers must provide accurate information. Second, under § 1681s-2(b), information providers must – upon receipt of notice pursuant to § 611(a)(2) of FCRA – conduct an investigation with respect to the completeness or accuracy of any disputed credit information. Notably, § 611(a)(2) requires that *a credit reporting agency (and not a consumer),* provide notification of a dispute over the accuracy of credit information "to any person who provided any item of information in dispute...." 15 U.S.C. § 1681i(a)(2) (emphasis added).[3]  Plaintiffs do not allege that any of these steps were followed, and therefore no liability under § 1681 is triggered.

Pursuant to 15 U.S.C. § 1681i(a)(1), the completeness or accuracy of information contained in a consumer's file at a consumer reporting agency must first be disputed by the consumer. Plaintiffs have not alleged that they have done so. This alone is fatal to their claim.

Further, pursuant to 15 U.S.C. §1681i(a)(2), the consumer reporting agency must provide notification of the dispute to any person who furnished any item of information in dispute. In this case, that "person" would be NLS. Plaintiffs have not alleged that notification of any such purported dispute has been provided by any credit reporting agency to or received by NLS, the party alleged by Plaintiffs to have provided information to credit reporting agencies. This, too, is fatal to Plaintiffs' claim.

These steps are all critical, because no duty or obligation arises under § 1681s-2(b) to a furnisher of information – in this case, allegedly, NLS – until *after* the furnisher of information receives notice pursuant to section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided. *See Elmore v. North Fork Bancorporation, Inc.,* 325 F.Supp.2d 336, 339-40 (S.D.N.Y. 2004) ("The terms of the statute are quite clear. Even

---

[3]     Section 611(a)(1), which is the first step in the process, is triggered by a complaint by the consumer to the credit reporting agency.

assuming the existence of a private right of action for violation of Section 1681s-2(b), that right of action exists only for violations post-dating the furnisher's receipt of a report *from the credit reporting agency*") (emphasis in original). *See also Varnado v. Trans Union, LLC,* 2004 U.S. Dist. LEXIS 7486 at *5 (N.D. Ill. Apr. 28, 2004) (duties of a furnisher of information under section 1681s-2(b) are only triggered upon "notice pursuant to section 1681i(a)(2) of this title of a dispute.") (citing 15 U.S.C. § 1681s-2(b)(1)).

Given the above, it is not surprising that the majority of courts which have considered the issue have determined that there is no private right of action under § 1681s-2(a), which mandates the accurate reporting of credit information. *See, e.g., O'Diah v. New York City,* 2002 U.S. Dist. LEXIS 15507, No. 02 Civ. 0274 (DLC), 2002 WL 1941179, at *45-47 (S.D.N.Y. Aug. 21, 2002) (collecting cases); *Gibbs v. SLM Corp.,* 336 F. Supp. 2d 1, 11-12 (D. Mass. 2004); *Carney v. Experian Info. Solutions, Inc.,* 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999). While it is true that some courts have concluded that consumers may pursue private rights of action for willful or negligent violations of 1681s-2(b), *i.e.* the provision which requires an investigation by the information provider after receipt of notice from the consumer reporting agency,[4] those courts have still required the consumer to "show that the furnisher [of information] received notice from a consumer reporting agency … that the credit information is disputed." *O'Diah,* 2002 U.S. Dist. LEXIS 15507 at * 46-47. Since, as noted, there is no allegation here that a credit reporting agency ever provided notice to NLS pursuant to section 1681i(a)(2), or that NLS ever received such notice, the complaint fails to state a claim upon which relief may be granted under Section 1681s-2(b).

## CONCLUSION

Accordingly, the instant motion should be granted in its entirety, and the Court should grant judgment on the pleadings for Defendants on all claims.

---

[4]    *But see Carney,* 57 F. Supp. 2d at 502 (no private right of action under § 1681s-2(b)).

Dated:  New York, New York
        June 5, 2008

                                          REED SMITH LLP

                            By:

                                          Jordan W. Siev (JS-8043)
                                          Scott S. McKessy (SM-5479)
                                        599 Lexington Avenue
                                        New York, New York 10022
                                        (212) 521-5400

                                        Attorneys for Defendants
                                        Nationpoint, Inc., s/h/a Nationpoint a
                                        Division of National City Bank,
                                        Mortgage Electronic Registration
                                        Systems, Inc., and
                                        Nationpoint Loan Services