Scott S. McKessy (SM-5479)
Jordan W. Siev (JS-8043)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIMMY BARBERAN AND TATSIANA BARBERAN,

        Plaintiffs,

        -v-

NATIONPOINT, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., NATIONPOINT
LOAN SERVICES, and UNKNOWN OWNERS OF
THE EVIDENCE OF THE DEBT and/or OWNERS
OF THE NOTE,

        Defendants.

Case No. 07-CV-11595 (KMK)

---

LASALLE BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR FIRST FRANKLIN LOAN TRUST
2006-FF-18 MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2006-FF18



        Cross-Claimant,

        -v-

TATSIANA BARBERAN, JIMMY BARBERAN,
BOARD OF MANAGERS OF SPRING HOLLOW
CONDOMINIUM TWO and JOHN DOE,

        Cross-Defendants.

**NOTICE PURSUANT TO
LOCAL RULE 12.1**

---

Defendants Nationpoint, Inc., s/h/a Nationpoint a Division of National City Bank,

Mortgage Electronic Registration Systems, Inc. and Nationpoint Loan Services in this case have

moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) or 12(c) of the Federal

Rules of Civil Procedure, and have submitted additional written materials.  This means that the

defendants have asked the court to decide this case without a trial, based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil Procedure is attached.

In short, Rule 56 provides that you may NOT oppose the defendants' motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendants and raising issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendants' motion.

If you do not respond to the motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendants, the court may accept defendants' factual assertions as true. Judgment may then be entered in defendants' favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated:   New York, New York         REED SMITH LLP
         June 5, 2008

                                  By: _____
                                     Jordan W. Siev (JS-8043)
                                    Scott S. McKessy (SM-5479)
                            599 Lexington Avenue
                            New York, NY 10022
                            (212) 521-5400

*Attorneys for Defendants*
*Nationpoint, Inc., s/h/a Nationpoint a Division of*
*National City Bank, Mortgage Electronic*
*Registration Systems, Inc., and Nationpoint Loan*
*Service*

(b) JUDGMENT. Judgment by default may be entered as follows:

(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

(c) SETTING ASIDE DEFAULT. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

(d) PLAINTIFFS, COUNTERCLAIMANTS, CROSS-CLAIMANTS. The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54(c).

(e) JUDGMENT AGAINST THE UNITED STATES. No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

(As amended Mar. 2, 1987, eff. Aug. 1, 1987.)

**Rule 56. Summary Judgment**

(a) FOR CLAIMANT. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) FOR DEFENDING PARTY. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) MOTION AND PROCEEDINGS THEREON. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) CASE NOT FULLY ADJUDICATED ON MOTION. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) FORM OF AFFIDAVITS; FURTHER TESTIMONY; DEFENSE REQUIRED. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) WHEN AFFIDAVITS ARE UNAVAILABLE. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g) AFFIDAVITS MADE IN BAD FAITH. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)

## Rule 57. Declaratory Judgments

The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., §2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949.)

## Rule 58. Entry of Judgment

(a) SEPARATE DOCUMENT.

(1) Every judgment and amended judgment must be set forth on a separate document, but a separate document is not required for an order disposing of a motion:

(A) for judgment under Rule 50(b);

(B) to amend or make additional findings of fact under Rule 52(b);

(C) for attorney fees under Rule 54;

(D) for a new trial, or to alter or amend the judgment, under Rule 59; or

(E) for relief under Rule 60.

(2) Subject to Rule 54(b):

(A) unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:

(i) the jury returns a general verdict,

(ii) the court awards only costs or a sum certain, or

(iii) the court denies all relief;

(B) the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:

(i) the jury returns a special verdict or a general verdict accompanied by interrogatories, or

(ii) the court grants other relief not described in Rule 58(a)(2).

(b) TIME OF ENTRY. Judgment is entered for purposes of these rules:

(1) if Rule 58(a)(1) does not require a separate document, when it is entered in the civil docket under Rule 79(a), and

(2) if Rule 58(a)(1) requires a separate document, when it is entered in the civil docket under Rule 79(a) and when the earlier of these events occurs:

(A) when it is set forth on a separate document, or

(B) when 150 days have run from entry in the civil docket under Rule 79(a).

(c) COST OR FEE AWARDS.

(1) Entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees, except as provided in Rule 58(c)(2).

(2) When a timely motion for attorney fees is made under Rule 54(d)(2), the court may act before a notice of appeal has