Jimmy Barberan
Tatsiana Barberan
15 Woodlake Drive
Middletown, NY 10940
845-342-6473

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY BARBERAN and TATSIANA BARBERAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| NATIONPOINT, MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., NATIONPOINT ) | |
| LOAN SERVICES, and UNKNOWN OWNERS OF ) | |
| THE EVIDENCE OF THE DEBT and/or OWNERS ) | |
| OF THE NOTE, ) | |
| ) | |
| Defendants. ) | |
| ------------------------------------------------------------) | Case No.   07-cv-11595-KMK |
| LASALLE BANK NATIONAL ASSOCIATION AS ) | |
| TRUSTEE FOR FIRST FRANKLIN LOAN TRUST ) | |
| 2006-FF-18, MORTGAGE LOAN ASSET-BACKED ) | |
| CERTIFICATES, SERIES 2006-FF18, ) | |
| ) | |
| Cross-Claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| TATSIANA BARBERAN, JIMMY BARBERAN, ) | |
| BOARD OF MANAGERS OF SPRING HOLLOW ) | |
| CONDOMINIUM TWO, and JOHN DOE, ) | |
| ) | |
| Cross-Defendants. ) | |

---

## PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS

---

## CERTIFICATION

We, the Plaintiffs, certify that we have conferred with Counsel for Defendants, Jordan W.

1

Siev at (212) 521-5400, regarding this motion, and he (✓) opposes, ( ) does not oppose, this motion.

## MOTION

1. Plaintiffs move for judgment on the pleadings.

2. Defendants have failed to file a signed Answer, and the time for answering has run.

3. The Verified Complaint was filed on December 27, 2007; all three named Defendants were served by January 22, 2008; and all Answers were due by February 11, 2008.

4. On March 6, 2008, Defendants filed an unsigned document, titled VERIFIED ANSWER. This unsigned document should be disregarded and stricken from the court record.

5. Because all three named Defendants have failed to answer, judgment on the pleadings should be entered in favor of Plaintiffs.

6. Without waiving the foregoing, for the rest of this document, Plaintiffs will pretend that the unsigned Answer was a valid signed Answer.

7. In their unsigned Answer, Defendants failed to deny paragraphs 18, 19, 20 and 21 of the Complaint. Their answer for those paragraphs was the following: "Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs ..." However, this is only a denial of having knowledge and information. It is not a denial of the allegations of the Complaint. Therefore, having failed to deny the allegations of paragraphs 18, 19, 20 and 21 of the Complaint, Defendants have admitted the following facts, and these facts are now beyond dispute:

> 18.    Defendants claim that on or about October 18, 2006, Plaintiffs signed a Promissory Note ("Note"), and entered into a consumer mortgage transaction with the Lender (Loan No. MIN 100425240010533815), in the form of a boilerplate adhesion contract drafted by the Lender, and that the extended consumer credit was subject to a finance charge and was initially payable to the Lender on the face of the Note.

19.    In fact, Plaintiffs did not sign or agree to such a transaction.

20.    Plaintiffs deny signature on that Promissory Note and that alleged contract.

21.    There was never a meeting of the minds.

8.    Since it is undisputed that Plaintiffs did not sign or agree to such a transaction, and that there was never a meeting of the minds, there is no ground for Defendants' lien on Plaintiffs' property, and Plaintiffs are entitled to Quiet Title. Therefore, judgment on the pleadings should be entered in favor of Plaintiffs.

9.    Defendants likewise failed to deny the allegations of paragraphs 2 through 24 (i.e. 2,3,4, 5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24), 26, 28 through 31 (i.e. 28,29,30,31), 34, 35, 36, 38 through 42 (i.e. 38,39,40,41,42), 44, 45, 46, 50, 52, 53, 58, 62, 63 and 71.

10. To put it another way, Defendants denied only paragraphs 1, 25, 27, 32, 33, 37, 43, 47, 48, 51, 54, 55, 56, 57, 59, 60, 61, 64, 65, 66, 67, 68, 69 and 70 of the Complaint, and admitted all other allegations of the Complaint.

11. For the above reasons, judgment on the pleadings should be entered in favor of Plaintiffs.

12. In the alternative and without waiving the foregoing:

13. Jordan W. Siev cannot act both as an attorney and as a witness in this case. Consequently, Defendants' Exhibits A through G are unauthenticated. Plaintiffs have presented evidence, and Defendants have presented no evidence. Therefore, judgment on the pleadings should be entered in favor of Plaintiffs.

14. The Declaration of Jordan W. Siev does not state that he makes the declaration of his own personal knowledge, and it does not affirmatively show that he is competent to make it. It

only states "I am fully familiar with the facts set forth herein". This does not meet the standard for summary judgment. Therefore, judgment on the pleadings should be entered in favor of Plaintiffs.

15. In the alternative and without waiving the foregoing:

16. Defendants offer no sworn statement that their two copies of Notice of Right to Cancel were delivered to Plaintiffs. The Declaration of Jordan Siev only states that the Notices were "executed" by Plaintiffs. If Defendants do have two signed copies in their possession, as they allege, then this only proves that Defendants allowed Plaintiffs to have momentary possession of the Notices for as long as it took to sign them, and then immediately took them back. The Verified Complaint, on the other hand, states clearly that the Lender gave Plaintiffs a total of two copies of Notice of Right to Cancel, and that the Notice of Right to Cancel did not match the Federal Reserve Board Model Form H-8, and contained language not authorized by statute that was ambiguous and misleading, and that the expiration date was not correct (para. 27). Defendants denied para. 17 in their unsigned Answer, but have not offered any sworn evidence rebutting it.

17. Discovery will show other disclosures to be incorrect.

## CONCLUSION

18. For the above reasons, judgment on the pleadings should be entered in favor of Plaintiffs.

Executed on this <u>30th</u> day of June, 2008.

_____
Jimmy Barberan

_____
Tatsiana Barberan

4

## CERTIFICATE OF SERVICE

I certify that upon the date last written below I served a true copy of the foregoing by fax

and/or United States first class mail, postage prepaid, on:


**Mortgage Electronic Registration Systems, Inc.,**
**NationPoint,**
**NationPoint Loan Services, ISAOA,**
**Lasalle Bank National Association As Trustee For First Franklin Loan Trust 2006-FF-18,**
**Mortgage Loan Asset-Backed Certificates, Series 2006-FF-18**
**c/o Jordan W. Siev**
**c/o Scott McKessy**
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
212-521-5400
212-521-5450 (fax)


DATED this 1st day of July, 2008.     _____