Jimmy Barberan
Tatsiana Barberan
15 Woodlake Drive
Middletown, NY 10940
845-342-6473

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY BARBERAN and TATSIANA BARBERAN, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>NATIONPOINT, MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS, INC., NATIONPOINT )<br>LOAN SERVICES, and UNKNOWN OWNERS OF )<br>THE EVIDENCE OF THE DEBT and/or OWNERS )<br>OF THE NOTE, )<br>)<br>Defendants. )<br>------------------------------------------------------------) | Case No. 07-cv-11595-KMK |
| LASALLE BANK NATIONAL ASSOCIATION AS )<br>TRUSTEE FOR FIRST FRANKLIN LOAN TRUST )<br>2006-FF-18, MORTGAGE LOAN ASSET-BACKED )<br>CERTIFICATES, SERIES 2006-FF18, )<br>)<br>Cross-Claimant, )<br>)<br>vs. )<br>)<br>TATSIANA BARBERAN, JIMMY BARBERAN, )<br>BOARD OF MANAGERS OF SPRING HOLLOW )<br>CONDOMINIUM TWO, and JOHN DOE, )<br>)<br>Cross-Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

1

## RESPONSE

1. Plaintiffs respond to: (1) NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. RULE 12(C); and (2) MEMORANDUM OF LAW OF DEFENDANTS NATIONPOINT, INC. s/h/a NATIONPOINT A DIVISION OF NATIONAL CITY BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND NATIONPOINT LOAN SERVICES, IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS; and (3) DECLARATION OF JORDAN W. SIEV IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, filed by Defendants NATIONPOINT, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and NATIONPOINT LOAN SERVICES ("Defendants").

2. Defendants have failed to file a signed Answer, and the time for answering has run. The Complaint was filed on December 27, 2007; all three named Defendants were served by January 22, 2008; and all Answers were due by February 11, 2008. Therefore, judgment on the pleadings should be entered in favor of Plaintiffs.

3. On March 6, 2008, Defendants filed an unsigned document, titled VERIFIED ANSWER. This <u>unsigned</u> document should be disregarded and stricken from the court record. Therefore, Defendants' motion for judgment on the pleadings should be denied.

4. Without waiving the foregoing, for the rest of this document, Plaintiffs will pretend that the unsigned Answer was signed.

5. In their unsigned Answer, Defendants failed to deny paragraphs 18, 19, 20 and 21 of the Complaint. Their answer for those paragraphs was the following: "Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs ..." However, this is <u>only</u> a denial of having <u>knowledge and information</u>. It is <u>not</u> a denial of the

2

allegations of the Complaint. Therefore, having failed to deny the allegations of paragraphs 18, 19, 20 and 21 of the Complaint, Defendants have admitted the following facts, and these facts are now beyond dispute:

> 18. Defendants claim that on or about October 18, 2006, Plaintiffs signed a Promissory Note ("Note"), and entered into a consumer mortgage transaction with the Lender (Loan No. MIN 100425240010533815), in the form of a boilerplate adhesion contract drafted by the Lender, and that the extended consumer credit was subject to a finance charge and was initially payable to the Lender on the face of the Note.
>
> 19. In fact, Plaintiffs did not sign or agree to such a transaction.
>
> 20. Plaintiffs deny signature on that Promissory Note and that alleged contract.
>
> 21. There was never a meeting of the minds.

6. Since it is undisputed that Plaintiffs did not sign or agree to such a transaction, and that there was never a meeting of the minds, Defendants' motion should be denied.

7. Defendants likewise failed to deny the allegations of paragraphs 2 through 24 (i.e. 2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24), 26, 28 through 31 (i.e. 28,29,30,31), 34, 35, 36, 38 through 42 (i.e. 38,39,40,41,42), 44, 45, 46, 50, 52, 53, 58, 62, 63 and 71.

8. To put it another way, Defendants denied only paragraphs 1, 25, 27, 32, 33, 37, 43, 47, 48, 51, 54, 55, 56, 57, 59, 60, 61, 64, 65, 66, 67, 68, 69 and 70 of the Complaint, and admitted all other allegations of the Complaint.

9. For the above reasons, Defendants' motion should be denied.

10. In the alternative and without waiving the foregoing:

11. Jordan W. Siev cannot act both as an attorney and as a witness in this case. Consequently, Defendants' Exhibits A through G are unauthenticated. Therefore, Defendants'

motion should be denied.

12. The Declaration of Jordan W. Siev does not state that he makes the declaration of his own personal knowledge, and it does not affirmatively show that he is competent to make it. It only states "I am fully familiar with the facts set forth herein". This does not meet the standard for summary judgment. Therefore, Defendants' motion should be denied.

13. Plaintiffs hereby dispute the authenticity of Defendants' exhibits, specifically Exhibit A, titled "ADJUSTABLE RATE NOTE"; Exhibit B, titled "MORTGAGE"; Exhibit C, titled "NOTICE OF RIGHT TO CANCEL"; Exhibit D, titled "H-8 – RESCISSION MODEL FORM (GENERAL)"; Exhibit E, titled "VERIFIED COMPLAINT"; Exhibit F, titled "SUMMONS IN A CIVIL ACTION"; and Exhibit G, titled "VERIFIED ANSWER". Defendants cannot introduce disputed documents without converting the Motion for Judgment on the Pleadings into a Motion for Summary Judgment, and such a motion may be made only after discovery is complete. Therefore, Defendants' motion should be denied.

14. In the alternative and without waiving the foregoing:

15. Plaintiffs' allegations are not self-contradictory. Defendants claim (Memorandum, page 2) that Plaintiffs signed a Promissory Note and entered into a consumer mortgage transaction (Complaint, para. 18). In fact, Plaintiffs did not sign or agree to such a transaction (para. 19). All references to "loan" are intended to mean "purported/alleged loan" (para. 22). NATIONPOINT A DIVISION OF NATIONAL CITY BANK recorded a lien in the county records, obliging Plaintiffs to pay the Lender (para. 24). Plaintiffs kept the *purported* loan paid current, up until they rescinded it (para. 22, 28, 29). It is not impossible that Plaintiffs paid money for other reasons than that there was a valid, legitimate loan. This would not be the first time such a thing has happened.

4

16. The Breach of Contract claim is clearly preceded by the qualification that "Even though Plaintiffs and Defendant did not enter into a contract, this claim is made on the assumption that this Court finds that Plaintiffs and Defendant did enter into a contract." (para. 50). This ought to be clear enough to need no explanation, and there is no self-contradiction.

17. Defendants refer (Memorandum, page 3) to their versions of "the operative documents which [Plaintiffs] signed." Plaintiffs hereby dispute the authenticity of Defendants' documents.

18. Defendants argue (Memorandum, page 4) that their possession of mortgage documents and a promissory note, allegedly executed by Plaintiffs, coupled with over a year's worth of payments, makes Plaintiffs' allegations "baldly conclusory." However, a conclusory statement is one that talks about a legal conclusion, instead of talking about facts, and this has nothing to do with whether Defendants possess some documents. Again, it is not impossible that Plaintiffs paid money for other reasons than that there was a valid, legitimate loan. It is not impossible that the same thing happened to Jose Barberan.

19. Defendants argue (Memorandum, page 4) that Plaintiffs have a "habit" of making certain allegations. But so do Defendants! By this criterion, all of Defendants' foreclosure cases should be dismissed.

20. Defendants argue (Memorandum, page 5) that the Notice of Right to Cancel is identical to Form H-8. Plaintiffs again dispute the authenticity of Exhibits C and D. However, even so, Exhibit C is not identical to Exhibit D. Exhibit C says "mortgage, lien or security interest" where Exhibit D says "[mortgage/lien/security interest]" indicating that the Lender should pick only one of the three alternatives. Thus the Lender failed to disclose whether it was a mortgage, or a lien, or a security interest. Also, Exhibit C says "three (3)" and "twenty (20)" and "one (1)" where Exhibit D says "three" and "20" and "one" respectively. Also, Exhibit C says "writing,"

5

where Exhibit D says "writing" so the two documents are NOT identical.

21. Defendants offer no sworn statement that their two copies of Notice of Right to Cancel were delivered to Plaintiffs. The Declaration of Jordan Siev only states that the Notices were "executed" by Plaintiffs. If Defendants do have two signed copies in their possession, as they allege, then this only proves that Defendants allowed Plaintiffs to have momentary possession of the Notices for as long as it took to sign them, and then immediately took them back. The Verified Complaint, on the other hand, states clearly that the Lender gave Plaintiffs a total of two copies of Notice of Right to Cancel, and that the Notice of Right to Cancel did not match the Federal Reserve Board Model Form H-8, and contained language not authorized by statute that was ambiguous and misleading, and that the expiration date was not correct (para. 27). Defendants denied para. 17 in their unsigned Answer, but have not offered any sworn evidence rebutting it.

22. Discovery will show other disclosures to be incorrect. The Motion for Judgment on the Pleadings is premature and should be denied.

23. Defendants argue (Memorandum, page 6) that Plaintiffs' Breach of Contract claim is insufficient and that Plaintiffs' FRCA claim lacks necessary predicates. If the Court agrees with Defendants' statement of the law, then the Court should allow Plaintiffs to amend the Complaint and to correct any possible deficiencies.

## CONCLUSION

24. For the above reasons, Defendants' motion should be denied, or in the alternative, the Court should allow Plaintiffs to amend the Complaint and to correct any possible deficiencies.

Executed on this <u>30th</u> day of June, 2008.

6



_____    _____
        Jimmy Barberan                    Tatsiana Barberan

## CERTIFICATE OF SERVICE

I certify that upon the date last written below I served a true copy of the foregoing by fax and/or United States first class mail, postage prepaid, on:

**Mortgage Electronic Registration Systems, Inc.,**
**NationPoint,**
**NationPoint Loan Services, ISAOA,**
**Lasalle Bank National Association As Trustee For First Franklin Loan Trust 2006-FF-18,**
**Mortgage Loan Asset-Backed Certificates, Series 2006-FF-18**
**c/o Jordan W. Siev**
**c/o Scott McKessy**
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
212-521-5400
212-521-5450 (fax)


DATED this 1st day of July, 2008.    _____