```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: _____
```

Jimmy Barberan
Tatsiana Barberan
15 Woodlake Drive
Middletown, NY 10940
(845)342-6473

June 30, 2008

Honorable Kenneth M. Karas
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

**MEMO ENDORSED**

Re:   Plaintiffs' Motion for Judgment on the Pleadings
      Jimmy Barberan and Tatsiana Barberan, *pro se* v. Nationpoint *et al.*
      Civil Case No. 07 Civ. 11595 (KMK) (LMS)

Dear Judge Karas:

The purpose of this letter is to arrange for a pre-motion conference as set forth in rule II A of the Individual Rules of Practice. Plaintiffs intend to file a cross-motion for judgment on the pleadings.

**Relevant Allegations**

Defendants claim to have a mortgage on Plaintiffs' property, although Plaintiffs did not sign or agree to such a transaction and there was no meeting of the minds (Complaint, para. 18, 19, 21). The alleged obligation was secured by Plaintiffs' home (para. 24).

At closing, the Lender failed to give to the Plaintiffs all required disclosures (para. 27). Plaintiffs made payments as if there had been a valid, legitimate loan (para. 28) and then gave Notice of Rescission (para. 28, 29). Defendants failed to take the actions required within 20 days (para. 30).

Plaintiffs now assert four causes of action: Quiet Title, because there was no valid mortgage transaction, and even if it there was, it was rescinded; TILA rescission and

damages, caused by Defendants' failure to perform required acts within 20 days of Notice of Rescission; Breach of Contract; and Fair Credit Reporting Act violation.

**Defendants Have Failed To Timely Answer**

All three named Defendants have failed to file a signed Answer, and the time for answering has run. Defendants' VERIFIED ANSWER is unsigned, and should be disregarded and stricken from the court record.

**Defendants Failed to Deny Crucial Allegations**

In their unsigned Answer, Defendants failed to deny paragraphs 18, 19, 20 and 21 of the Complaint. Their answer for those paragraphs was the following: "Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs ..." However, this is only a denial of having knowledge and information. It is not a denial of the allegations of the Complaint. Having failed to deny the allegations of paragraphs 18, 19, 20 and 21 of the Complaint, Defendants have admitted that Plaintiffs did not sign or agree to such a transaction and that there was never a meeting of the minds. Therefore, there is no ground for Defendants' lien on Plaintiffs' property, and Plaintiffs are entitled to Quiet Title.

Defendants likewise failed to deny the allegations of paragraphs 2 through 24 (i.e. 2,3,4, 5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24), 26, 28 through 31 (i.e. 28,29,30,31), 34, 35, 36, 38 through 42 (i.e. 38,39,40,41,42), 44, 45, 46, 50, 52, 53, 58, 62, 63 and 71. To put it another way, the unsigned Answer denied only paragraphs 1, 25, 27, 32, 33, 37, 43, 47, 48, 51, 54, 55, 56, 57, 59, 60, 61, 64, 65, 66, 67, 68, 69 and 70 of the Complaint, and admitted all other allegations of the Complaint.

**Jordan W. Siev's Declaration Is Deficient**

Jordan W. Siev cannot act both as an attorney and as a witness in this case.

The Declaration of Jordan W. Siev does not state that he makes the declaration of his own personal knowledge, and it does not affirmatively show that he is competent to make it. It only states "I am fully familiar with the facts set forth herein".

**Defendants Fail to Rebut Plaintiffs' Allegations regarding Notice of Right to Cancel**

Defendants offer no sworn statement that their two copies of Notice of Right to Cancel were delivered to Plaintiffs. If Defendants do have two signed copies in their possession, as they allege, then this only proves that Defendants allowed Plaintiffs to have momentary possession of the Notices for as long as it took to sign them, and then immediately took them back. The Verified Complaint, on the other hand, states clearly that the Lender gave Plaintiffs a total of two copies of Notice of Right to Cancel, and that the Notice of Right to Cancel did not match the Federal Reserve Board Model Form H-8, and contained language not authorized by statute that was ambiguous and misleading, and that the expiration date was not correct (para. 27). Defendants denied para. 17 in their unsigned Answer, but have not offered any sworn evidence rebutting it.

For the above reasons, judgment on the pleadings should be entered in favor of Plaintiffs.

Very truly yours,

_____    _____
Jimmy Barberan                                  Tatsiana Barberan

cc:   Scott S. McKessy
      Jordan W. Siev
      Reed Smith, LLP, Counsel for Defendants
      599 Lexington Avenue
      New York, NY   10022

*[Handwritten note:]* Defendants may respond to this either as part of the current briefing schedule, or as a separate matter, letting the Court know which by July 14, 2008. So Ordered. KMK 7/8/08