Scott S. McKessy (SM-5479)
Jordan W. Siev (JS-8043)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMY BARBERAN AND TATSIANA BARBERAN,

Plaintiffs,

-v-

NATIONPOINT, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., NATIONPOINT LOAN SERVICES, and UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE,

Defendants.

Case No. 07-CV-11595 (KMK)

LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR FIRST FRANKLIN LOAN TRUST 2006-FF-18 MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FF18

Cross-Claimant,

-v-

TATSIANA BARBERAN, JIMMY BARBERAN, BOARD OF MANAGERS OF SPRING HOLLOW CONDOMINIUM TWO and JOHN DOE,

Cross-Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS, AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**

REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
212-521-5400
Attorneys for Defendants
Nationpoint, Inc., s/h/a Nationpoint a Division of National City Bank,
Mortgage Electronic Registration Systems, Inc. and
Nationpoint Loan Services

# TABLE OF CONTENTS


PRELIMINARY STATEMENT .....1

ARGUMENT .....3

DEFENDANTS' MOTION SHOULD BE GRANTED, AND PLAINTIFFS' MOTION SHOULD BE DENIED, AS PLAINTIFFS' CLAIMS LACK MERIT .....3

A. Plaintiffs Err in Arguing that Defendants' Answer was Untimely or Unsigned .....3

B. Defendants' Denials of Knowledge or Information Operate as Denials .....4

C. The Siev Declaration Exhibits Are Authentic .....4

D. Plaintiffs' Self-Contradictory Allegations Fail the Plausibility Test .....5

E. Plaintiffs' Own Arguments Prove Their TILA Claim Untentable .....7

1. The NRCs Plaintiffs Received Fully Comply with the Applicable Statutes .....7

2. Plaintiffs Do Not Deny Receipt of the NRCs .....8

3. No Discovery is Required to Show that All Required Disclosures Were Made .....8

F. Plaintiffs Concede That They Fail to State a Claim for Breach of Contract or a FCRA Violation .....9

G. Plaintiffs' Rule 12(c) Motion Should Be Denied .....10

CONCLUSION .....11

## CASES

*Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) .................... 6

*Cleveland v. Caplaw Enters*, 448 F.3d 518 (2d Cir. 2006).................... 6

*Ellis v. Chao*, 336 F.3d 114 (2d Cir. 2003).................... 10

*Elmore v. North Fork Bancorporation, Inc.*, 325 F.Supp.2d 336 (S.D.N.Y. 2004) .................... 9

*Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49 (2d Cir.1985).................... 10

*Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195 (2d Cir. 2006).................... 9

*Horoshko v. Citibank, N.A.*, 373 F.3d 248 (2d Cir. 2004) .................... 10

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69 (2d Cir. 1995).................... 5

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) .................... 6

*National Union of Hospital and Health Care Emp. v. Carey*, 557 F.2d 278 (2d Cir. 1977)........ 10

*Peter v. P.P. of New York, Inc.*, No. 96 Civ. 0538 (PKL)
1997 WL 473978 (S.D.N.Y. Aug. 20, 1997).................... 10

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000).................... 5

*Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2d Cir. 1988) .................... 10

*Shah v. New York State Dept. of Civil Service*, No. 94 Civ. 9193 (RPP),
1996 WL 694340 (S.D.N.Y. Dec. 4, 1996) .................... 10

*Smith v. Planas*, 151 F.R.D. 547 (S.D.N.Y. 1993) .................... 9

*Stoner v. Walsh*, 772 F. Supp. 790 (S.D.N.Y. 1991) .................... 9

## STATUTES

15 U.S.C. § 1604(b) .................... 7

15 U.S.C. § 1635(c) .................... 8

15 U.S.C. § 1635(h) .................... 7

## RULES

12 C.F.R. § 226.23(b)(2).................... 7

Electronic Case Filing Rules and Instructions for U.S. District Court for the Southern District of New York .................... 4

Fed. R. Civ. P. 15(a) .................... 10

Fed. R. Civ. P. 8(b)(5).................... 4

Fed. R. Civ. P. Rule 7(b)(1)(B).................... 9

**PRELIMINARY STATEMENT**

Defendants Nationpoint, Inc., s/h/a Nationpoint a Division of National City Bank ("Nationpoint"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Nationpoint Loan Services ("NLS"), (collectively, "Defendants"), by and through their attorneys, Reed Smith, LLP, hereby submit this Memorandum of Law (1) in further support of their motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c); and (2) in opposition to Plaintiffs Jimmy and Tatsiana Barberan's ("Plaintiffs") cross-motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

Plaintiffs' scattershot opposition to Defendants' motion for judgment on the pleadings, as well as their cross-motion for judgment on the pleadings, completely miss the mark. First, Plaintiffs assert a number of procedural arguments, all of which must fail:

- Their claim that the Answer was untimely is unfounded, and easily is disposed of by reference to the Court's docket, as well as its requirement at the pre-motion conference on May 20, 2008 that Defendants file a Rule 12(c) motion in lieu of a Rule 12(b)(6) motion *because Defendants previously had answered the complaint*.
- Their claim that the Answer is unsigned is erroneous, as Electronic Case Filing ("ECF") obviates the need for actual signatures.
- Their allegation that Defendants have admitted certain facts alleged in the Complaint is mistaken, since a denial of knowledge or information sufficient to form a belief operates as a denial.
- Their claims as to the authentication and authenticity of the exhibits to the Siev Declaration are similarly baseless and unsupported, and purport even to attack the authenticity *of Plaintiffs' own Verified Complaint*.
- Plaintiffs' argument that the Defendants' motion is premature (and that theirs should be granted) because "discovery will show other disclosures to be incorrect" is misplaced on these Rule 12(c) motions, as all of the materials which the Court needs to decide the motions properly are part of the current record.

Second, Plaintiffs' arguments that purport to address the merits of Defendants' motion or to support their motion also are fatally flawed:

- Plaintiffs offer only conclusory and specious argument in support of their Quiet Title claim, asserting that their allegations that (1) they did not enter into a loan and consumer mortgage agreement with Defendants and (2) despite this, they kept such loan current for over a year, are not self-contradictory. However, mere conclusory argument cannot rescue this ill-pled claim, which lacks any factual basis that might render it plausible, such as a reason why Plaintiffs made 13 months worth of payments on a loan they allege they did not enter into.
- Plaintiffs' attempts to show differences between the Notices of Right to Cancel that they received (the "NRCs") and Federal Reserve Board Model Form H-8 ("Form H-8") in fact highlight just how closely the NRCs resemble Form H-8. Further, Plaintiffs' reiteration of their facially-erroneous allegation that the NRCs contained unauthorized language does not make this allegation true, or even plausible, in view of a simple comparison of the NRCs with Form H-8, nor is it relevant.
- Plaintiff's faulty legal conclusion in the Complaint, as well as in their opposition and moving papers, that the NRCs contained an incorrect expiration date also need not be credited by the Court. Rather, as set forth in Defendants' papers, the NRCs – consistent with the relevant statute – provide three days in which to rescind, even if the third day fell on a Saturday, as was the case here.

Finally, Plaintiffs do not even attempt to defend their Breach of Contract and Fair Credit Reporting Act ("FCRA") claims. Instead, Plaintiffs seek leave to amend them if the Court is inclined to accept Defendants' arguments. Such leave should not be granted. Plaintiffs have provided no hint as to how they might amend their claims, and the Court should not countenance Plaintiffs' attempt to fabricate more spurious and contradictory allegations in their continuing efforts to evade their contractual obligations and consume even more of Defendants' and the Court's time and resources.

In short, Plaintiffs' opposition addresses none of the legal arguments in Defendants' moving papers, and fails to point out any material facts which remain at issue so as to preclude judgment on the pleadings. Similarly, their motion for judgment on the pleadings fails to establish their entitlement to relief. Thus, it is respectfully submitted that the Court should grant judgment for Defendants on all claims, and should deny Plaintiffs' motion for judgment on the pleadings.

## ARGUMENT[1]

### DEFENDANTS' MOTION SHOULD BE GRANTED, AND PLAINTIFFS' MOTION SHOULD BE DENIED, AS PLAINTIFFS' CLAIMS LACK MERIT

### A. Plaintiffs Err in Arguing that Defendants' Answer was Untimely or Unsigned

Plaintiffs first allege that Defendants' Answer to the Complaint was untimely and unsigned. This argument, by which Plaintiffs apparently seek to have the Court find Defendants in default, is wholly without merit.

First, Defendants' Answer was timely filed. On February 21, 2008, *upon agreement by Plaintiffs*, this Court set March 14, 2008 as the date by which Defendants were required to respond to the Complaint. (*See* Endorsed Letter Order, Docket Number 3). Defendants subsequently filed their Verified Answer via the ECF system on March 6, 2008. (Docket Number 5). Indeed, it was the fact that Defendants had filed an Answer that led Plaintiffs to argue, and the Court to conclude, at the May 20, 2008 pre-motion conference on Defendants' proposed Rule 12(b)(6) motion, that Defendants could not file a Rule 12(b)(6) motion, but rather were required to file a Rule 12(c) motion for judgment on the pleadings.

Plaintiffs also allege in their Response to Defendants' motion (at ¶ 3) that the Verified Answer did not contain a written signature. While this is true, it is of no moment. Defendants

---

1 Defendants note that Plaintiffs repeat substantially the same arguments in their opposition to Defendants' Rule 12(c) motion and in support of their own Rule 12(c) motion. In the interest of brevity, Defendants will not recite their responses to each of these arguments twice. Instead, where appropriate, the Court is asked to consider Defendants' responses to Plaintiffs' arguments as though they were fully reiterated both in reply on Defendants' Rule 12(c) motion, and in opposition to Plaintiffs' Rule 12(c) motion.

filed their Verified Answer electronically, pursuant to the ECF system employed in this District. According to Rule 8.1 of the Electronic Case Filing Rules and Instructions for U.S. District Court for the Southern District of New York (May, 2008 Edition):

> The user log-in and password required to submit documents to the ECF system serve as the . . . signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, ... the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court.[2]

Thus, by the act of electronic filing, Defendants' Answer was "signed," and Plaintiffs' argument that Defendants' Verified Answer should be "stricken from the court record" must fail.

## B. Defendants' Denials of Knowledge or Information Operate as Denials

Plaintiffs next argue that Defendants' denial of knowledge or information sufficient to form a belief as to numerous allegations of the Complaint is not a denial of those allegations, and that, as a result, Defendants have admitted every allegation answered with a denial of knowledge or information. However, Fed. R. Civ. P. 8(b)(5) specifically provides otherwise:

> A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

Thus, under the Federal Rules of Civil Procedure, each denial of knowledge or information in Defendants' Answer as to allegations in the Complaint operates as a denial of such allegations, and Plaintiffs' arguments to the contrary are without merit.

## C. The Siev Declaration Exhibits Are Authentic

Plaintiffs do not dispute the propriety of consideration of the exhibits to the Declaration of Jordan W. Siev (the "Siev Declaration") in connection with Defendants' Rule 12(c) motion. Instead, Plaintiffs' third "procedural" objection to Defendants' motion is that an attorney cannot

---

2 *See* Electronic Case Filing Rules and Instructions (May 28, 2008 Edition), Rule 8.1, available at http://www1.nysd.uscourts.gov/ecf/ECF_rules_SDNY_May08.pdf. (last visited on July 9, 2008).

be a witness, so the Exhibits to the Siev Declaration are therefore not authentic. This argument is incorrect in several respects.

The Siev Declaration states that he is "fully familiar with the facts set forth" in his declaration, and then goes on to attach "true and correct" copies of the exhibits in question. However, the act of submitting a Declaration simply attaching copies of documents does not somehow convert attorney Siev into a fact witness in this case or otherwise render the documents inadmissible, as Plaintiffs contend.

Moreover, Siev Exhibits A-D are referenced in and are integral to the Complaint, and are thus proper for consideration. *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*). Plaintiffs may not invoke these documents in their Complaint and simultaneously renounce their authenticity in opposition to Defendants' motion for judgment on the pleadings.

The Court may take judicial notice of Siev Exhibit E, the strikingly-similar complaint filed in another action by an individual believed to be Plaintiff Jimmy Barberan's father. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of complaint filed in another action as a public record). The Court may also take judicial notice of Siev Exhibits F and G, the Verified Complaint and Verified Answer in this case, respectively, the authenticity of which is beyond cavil – despite the fact that Plaintiffs somehow argue that their very own complaint is not authentic. (Response ¶ 13).

Plaintiffs offer no authority or evidence to the contrary. While Plaintiffs state conclusorily that they "dispute" the authenticity of each of the exhibits – including, incredibly, their own Verified Complaint – they do not provide any basis to lend credence to the suggestion that any of the exhibits are not what they purport to be, or what might be inauthentic about any of them. Plaintiffs' empty allegations of inauthenticity should be given no consideration.

**D. Plaintiffs' Self-Contradictory Allegations Fail the Plausibility Test**

In their Complaint, Plaintiffs simultaneously allege that (1) they did not sign a loan agreement and enter into a consumer mortgage transaction with Defendants (Complaint ¶¶ 19-

22);[3] and (2) they kept this loan paid up current until they rescinded it. (Complaint ¶¶ 28-29). Plaintiffs' sole attempt to defend this blatant inconsistency is to argue that "it is not impossible that Plaintiffs paid money for other reasons than that there was a valid, legitimate loan." (Response ¶¶ 15, 18)

However, "impossibility" is not the metric by which allegations are evaluated. Motions for judgment on the pleadings under Rule 12(c) are generally treated in the same manner as a Rule 12(b)(6) motion to dismiss. *Cleveland v. Caplaw Enters*, 448 F.3d 518, 521 (2d Cir. 2006). The United States Supreme Court's May 2007 decision in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007), requires that, in connection with a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

In view of *Bell Atlantic*, courts in this Circuit now employ a flexible "plausibility standard" to evaluate the sufficiency of claims. This "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). Plaintiffs' claim that they did not enter into a loan but nonetheless made payments on it for over a year is devoid of plausibility. Yet Plaintiffs provide no factual allegations whatsoever in their Complaint – or even in their opposition to Defendants' motion – which amplify or reconcile their implausible, conclusory and contradictory allegations by, for example, stating why they made such payments even though they purport to have no obligation to do so. For this reason alone, judgment for Defendants on all claims is proper.

---

3 As pointed out in Defendants' moving brief, this allegation is belied by Plaintiffs' signatures on Exhibit A to the Siev Declaration, the Adjustable Rate Note executed by each of the Plaintiffs, and Exhibit B to the Siev Declaration, Mortgage Agreement No. 10042524001533815, executed by each of the Plaintiffs before a notary public.

**E. Plaintiffs' Own Arguments Prove Their TILA Claim Untentable**

1. The NRCs Plaintiffs Received Fully Comply with the Applicable Statutes

In ¶ 20 of Plaintiffs' Response, Plaintiffs argue that because the NRCs (Siev Declaration, Exhibit C) – which admittedly were received by Plaintiffs – recite "mortgage, lien or security interest," while Form H-8 (Siev Exhibit D) recites "[mortgage/lien/security interest]," the NRCs and Form H-8 are not identical. This argument is absurd on its face; Plaintiffs are pointing to an insignificant distinction without a difference. Even more ludicrous are Plaintiffs' arguments that the recitation of "three (3)" and "twenty (20)" and "one (1)" and "writing," in the NRCs as compared to "three" and "twenty" and "one" and "writing" in Form H-8 are not identical, and that this language in the NRCs is "not authorized by statute" and "ambiguous and misleading," as alleged in the Complaint at ¶ 27. In fact, the specific language pointed out by Plaintiffs in their Response merely shows just how closely the NRCs received by Plaintiffs mirror Form H-8.

Even more fundamentally, identity between the NRCs and Form H-8 is not required. The relevant statute permits the lender to inform consumers of their rescission rights by using "the appropriate form of written notice published and adopted by the [Federal Reserve] Board, *or a comparable written notice* of the rights of the obligor." 15 U.S.C. § 1635(h) (emphasis added). The use of the word "or" makes clear that the lender may comply with its disclosure obligations by using a model form or, alternatively, a comparable written notice. Regulation Z is equally clear that either type of notice will satisfy the lender's obligation: "To satisfy the disclosure requirement . . . the creditor shall provide the appropriate model form in Appendix H of this part *or a substantially similar notice*." 12 C.F.R. § 226.23(b)(2) (emphasis added). In addition, TILA plainly states that use of the model forms is not obligatory. *See* 15 U.S.C. § 1604(b) ("Nothing in this subchapter may be construed to require a creditor or lessor to use any such model form or clause prescribed by the Board under this section.").

The NRCs provided to Plaintiffs go far beyond the "substantial similarity" required by

statute. Plaintiffs' allegations of non-identity, even if true, are simply not actionable.[4]

2. Plaintiffs Do Not Deny Receipt of the NRCs

At ¶ 21 of Plaintiffs' Response, Plaintiffs allege that Defendants offer no sworn statement that two copies of the NRCs were delivered to Plaintiffs. However, no such statement is required of Defendants in the context of Defendants' motion for judgment on the pleadings. As admitted by Plaintiffs in the very same paragraph of their Response, the Plaintiffs themselves allege in the Complaint that, at the closing, Nationpoint gave Plaintiffs the NRCs required by TILA. Complaint ¶ 27. Thus, Plaintiffs have rebutted their own argument on this point. Moreover, under TILA, 15 U.S.C. § 1635(c), a presumption of delivery of all required disclosures arises from Plaintiffs' written acknowledgement of receipt of such disclosures. (*See* NRCs, Siev Declaration Exhibit C, in which each Plaintiff acknowledged with their signature their receipt of two copies of the NRCs). Plaintiffs offer no facts to rebut the presumption of receipt arising from their signatures on the NRCs, the receipt of which, as noted above, is acknowledged by Plaintiffs' own complaint.

3. No Discovery is Required to Show that All Required Disclosures Were Made

In ¶ 22 of their Response, Plaintiffs argue that discovery will show other disclosures to be incorrect. They are wrong that discovery is needed, and they are wrong that there were other incorrect disclosures.

The NRCs, Form H-8 and the relevant statutes, all properly considered in the context of this motion, speak for themselves. Upon comparison of the NRCs with the model forms and the required disclosures, the Court readily can determine that all required disclosures were made – without further discovery – as a pure question of law. Furthermore, as stated above, Plaintiffs offer nothing to rebut their own written acknowledgement of receipt of all required disclosures.

---

4 As shown at page 6 of Defendants' moving brief, Plaintiffs' conclusory allegation that the expiration date on the NRCs is incorrect, repeated verbatim from the Complaint, need not be credited in view of the clear language of the NRCs and the statute.

Moreover, "[t]he purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y. 1991). Thus, no discovery is needed or proper in connection with the pending motions.

**F. Plaintiffs Concede That They Fail to State a Claim for Breach of Contract or a FCRA Violation**

In their Response at ¶ 23, Plaintiffs implicitly concede that their Breach of Contract and FCRA Claims as alleged fail, and purport to seek leave to amend. This request is improper. Fed. R. Civ. P. Rule 7(b)(1)(B) provides that all motions must state with particularity the grounds for the relief sought, so that the Court may fully comprehend the request and the adversary can have a meaningful opportunity to respond. *See Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 197 (2d Cir. 2006).

As applied to motions for leave to amend, this particularity requires that the moving party attach either a copy of the proposed amended pleading or at least set forth the substance of the contemplated revision. *See Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993) ("In order to satisfy a prerequisite of particularity in a motion to amend, a complete copy of the proposed amended complaint must accompany the motion so that both the Court and the opposing parties can understand the exact changes sought.").

Plaintiffs, however, have not provided a proposed Amended Complaint, nor even an indication of how they might revise their complaint. This is likely because any amendment would be futile. Plaintiffs can identify no breaches of the contracts at issue by Defendants, the very contracts Plaintiffs also contradictorily claim not to have entered into. Similarly, Plaintiff's cannot now allege accurately that the missing conditions precedent to their FCRA claim have been satisfied.[5]

---

5 As pointed out in Defendants' moving brief, a private right of action for violation of FCRA Section 1681s-2(b) exists only for violations post-dating the information furnisher's receipt of a report from the credit reporting agency, which is not alleged to have taken place here. *See Elmore v. North Fork Bancorporation, Inc.*, 325 F.Supp.2d 336, 339-40 (S.D.N.Y. 2004).

Although Fed. R. Civ. P. 15(a) provides that leave to amend should be freely given when justice so requires, "it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). This is just such a case. Where Plaintiffs fail to disclose what additional allegations they would make which might result in a viable complaint, the Court may assume amendment would be futile and need not grant leave to amend. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) ("Because an amendment is not warranted '[a]bsent some indication as to what appellants might add to their complaint in order to make it viable,' the District Court was under no obligation to provide the [plaintiffs] with leave to amend their complaint . . . .") (*quoting National Union of Hospital and Health Care Emp. v. Carey*, 557 F.2d 278, 282 (2d Cir. 1977)). Plaintiffs' informal, incomplete request for leave to amend should thus be denied.

**G. Plaintiffs' Rule 12(c) Motion Should Be Denied**

In addition to the reasons set forth above, Plaintiffs' cross-motion for judgment on the pleadings should be denied in light of Defendants' filing of a Verified Answer in which they not only denied each and every material allegation in the Complaint, but also asserted affirmative defenses, none of which have been addressed by Plaintiffs. In evaluating Plaintiffs' Rule 12(c) motion, the court must accept Defendants' well-pled allegations as true, and must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the non-moving party, *i.e.*, Defendants. *Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49, 54 (2d Cir.1985); *Peter v. P.P. of New York, Inc.*, No. 96 Civ. 0538 (PKL), 1997 WL 473978 at *2 (S.D.N.Y. Aug. 20, 1997). When issues of material fact remain in dispute – such as those raised in Defendants' Verified Answer and affirmative defenses – judgment on the pleadings is inappropriate. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988); *Shah v. New York State Dept. of Civil Service*, No. 94 Civ. 9193 (RPP), 1996 WL 694340, at *2 (S.D.N.Y. Dec. 41996) ("The conflict between the defendants' denial of the allegations and the plaintiff's assertions in itself creates issues of fact which may not be resolved on a motion for judgment on the pleadings."). Plaintiffs' cross-motion must thus be denied.

**CONCLUSION**

Accordingly, for the reason set forth herein, as well as in Defendants' moving brief, the Defendants' motion should be granted in its entirety, and Plaintiffs' cross-motion should be denied in its entirely.

Dated: New York, New York
July 17, 2008

REED SMITH LLP

By: s/Jordan W. Siev
Jordan W. Siev (JS-8043)
Scott S. McKessy (SM-5479)
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

Attorneys for Defendants
Nationpoint, Inc., s/h/a Nationpoint a Division of National City Bank, Mortgage Electronic Registration Systems, Inc., and
Nationpoint Loan Services