Jimmy Barberan
Tatsiana Barberan
15 Woodlake Drive
Middletown, NY 10940
(845) 342-6039

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

JIMMY BARBERAN AND TATSIANA )
    BARBERAN, HUSBAND AND WIFE, )
                                  )
                  Plaintiffs, )
                                    )
  -v- )
                                    )
NATIONPOINT, A DIVISION OF NATIONAL )
    CITY BANK; )
                                    )
MORTGAGE ELECTRONIC REGISTRATION )
    SYSTEMS, INC., ATIMA; )
                                    )
HOME LOAN SERVICES, INC., d.b.a. )
    NATIONPOINT LOAN SERVICES, Its )
  Successors And Or Assigns; )
                                    )
LASALLE BANK NATIONAL ASSOCIATION )
    AS TRUSTEE FOR FIRST FRANKLIN )
    MORTGAGE LOAN TRUST 2006-FF18, )
    MORTGAGE LOAN ASSET-BACKED )
    CERTIFICATES, SERIES 2006-FF18; )
                                    )
FIRST FRANKLIN MORTGAGE LOAN TRUST )
    MORTGAGE LOAN ASSET-BACKED )
    CERTIFICATES, Series 2006-FF18; )
                                    )
UNKNOWN OWNERS OF THE EVIDENCE OF )

Case No.: 07-cv-11595-KMK

**VERIFIED NOTICE OF MOTION
AND RENEWED MOTION TO
COMPEL RULE 26
DISCLOSURES AND DISCOVERY
RESPONSES**

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-11-12

THE DEBT and/or OWNERS OF THE NOTE,  )
                                       )
                Defendants.       )
-------------------------------------------------------- )
                                       )
LASALLE BANK NATIONAL ASSOCIATION  )
    AS TRUSTEE FOR FIRST FRANKLIN   )
    MORTGAGE LOAN TRUST 2006-FF18,   )
    MORTGAGE LOAN ASSET-BACKED     )
    CERTIFICATES, SERIES 2006-FF18,    )
                                         )
             Cross-Claimant,     )
                                         )
    -v-                                     )
                                         )
TATSIANA BARBERAN, JIMMY BARBERAN, )
BOARD OF MANAGERS OF SPRING HOLLOW )
CONDONINIUM TWO, and JOHN DOE,    )
                                       )
             Cross-Defendants.   )
-------------------------------------------------------- )

PLEASE TAKE NOTICE that upon the [91] DECLARATION OF JIMMY BARBERAN

AND TATSIANA BARBERAN IN SUPPORT OF ORDER COMPELLING DISCOVERY AND

CERTIFICATE OF COMPLIANCE WITH FRCP 37(A)(1) AND LOCAL RULE 26.1(B), which

is hereby incorporated by reference as if fully set forth herein, and upon all the other documents in

the court record, Plaintiffs Jimmy Barberan and Tatsiana Barberan will move this Court on

_____/_____/2012, at _____ (a.m.)/(p.m.), at the United States Courthouse for the Southern

District of New York, located at 300 Quarropas Street, White Plains, New York, for an order

compelling Defendants LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR

FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF18,MORTGAGE LOAN ASSET-

BACKED CERTIFICATES, SERIES 2006-FF18 ("LaSalle"); NATIONPOINT, A DIVISION OF

NATIONAL CITY BANK ("Nationpoint"); HOME LOAN SERVICES, INC., d.b.a.

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

NATIONPOINT LOAN SERVICES, Its Successors And Or Assigns ("Home Loan"); and

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ATIMA ("MERS") to provide

rule 26 initial disclosures and responses to discovery, as well as for such other, further and

different relief as this Court deems just and proper.

### CERTIFICATION

We, Plaintiffs Jimmy Barberan and Tatsiana Barberan, hereby certify that we attempted to

confer with counsel for Defendants about this motion, in an effort to obtain disclosure and

discovery without court action, and (___) Defendants will oppose; (___) Defendants will not

oppose; (✓) we were unable to reach counsel for Defendants.

### RENEWED MOTION

Plaintiffs Jimmy Barberan and Tatsiana Barberan hereby move this Court for an order

compelling Defendants LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR

FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF18,MORTGAGE LOAN ASSET-

BACKED CERTIFICATES, SERIES 2006-FF18 ("LaSalle"); NATIONPOINT, A DIVISION OF

NATIONAL CITY BANK ("Nationpoint"); HOME LOAN SERVICES, INC., d.b.a.

NATIONPOINT LOAN SERVICES, Its Successors And Or Assigns ("Home Loan"); and

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ATIMA ("MERS") to provide

rule 26 initial disclosures and responses to discovery, as requested in PLAINTIFFS' SECOND

AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LASALLE

BANK NATIONAL ASSOCIATION AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE

LOAN TRUST 2006-FF18, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES

3

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

2006-FF18; PLAINTIFFS' SECOND AMENDED REQUEST FOR PRODUCTION OF

DOCUMENTS TO DEFENDANT NATIONPOINT, A DIVISION OF NATIONAL CITY

BANK; PLAINTIFFS' SECOND AMENDED REQUEST FOR PRODUCTION OF

DOCUMENTS TO DEFENDANT HOME LOAN SERVICES, INC., d.b.a. NATIONPOINT

LOAN SERVICES, and PLAINTIFFS' SECOND AMENDED REQUEST FOR PRODUCTION

OF DOCUMENTS TO DEFENDANT MORTGAGE ELECTRONIC REGISTRATION

SYSTEMS, INC., ATIMA, respectively, as well as for such other, further and different relief as

this Court deems just and proper.

     This Motion is made and based upon Rules of Federal Civil Procedure 37(a) and (b), and is

based on the ground that Defendants have failed to provide initial disclosure in compliance with

Federal Rule of Civil Procedure 26 and failed to provide documents in response to Plaintiff's

discovery requests. Quite simply, Defendants are stonewalling.

     The [90] Memorandum of Points and Authorities in Support of [89] Motion to Compel

Rule 26 Disclosures and Discovery Responses is hereby incorporated as if fully set forth herein.

     The [91] Declaration of Jimmy Barberan and Tatsiana Barberan in Support of [89] Motion

to Compel Rule 26 Disclosures and Discovery Responses is hereby incorporated as if fully set

forth herein.

### *REASONS WHY THE REPRESENTATION OF DEFENDANTS' COUNSEL SHOULD NOT BE CREDITED*

The [101] Order states:

In a sworn declaration, Defendants' counsel explained, "Defendants have informed
me that they already produced the most current mortgage loan schedule." On
November 23, 2011, Mr. Lovelace, still not identifying himself as an attorney, and
representing unknown party (ies), mailed a letter to Plaintiffs, in response to the
November 13 letter, claiming to enclose a Mortgage Loan Schedule. In fact, it was
not. It was a different document from Merrill Lynch, titled "Merrill Lynch FFML
2006-FF18, Final Pool, December 28, 2006." Also attached to the November 23

4

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

letter was a NOTICE OF APPOINTMENT, dated April 9, 2009, and 700 pages of documents, numbered DEF00705-00994. Exhibit N to Declaration is a true copy of that letter, and the pertinent 3 pages (00705, 00720, 00994) of the "Merrill Lynch FFML 2006-FF18, Final Pool, December 28, 2006," and the NOTICE OF APPOINTMENT. See page 4 of [90] Memorandum of Points and Authorities in Support of [89] Motion to Compel Rule 26 Disclosures and Discovery Responses.

The [101] Order states:

Plaintiffs take issue with the Mortgage Loan Schedule produced by Defendants, see Plaintiffs' Reply Memorandum (Docket # 100) at ¶¶40-41, but Defendants cannot be compelled to produce documents which they do not have. In a sworn declaration, Defendants' counsel explained, "Defendants have informed me that they already produced the most current mortgage loan schedule." Lovelace Declaration (Docket# 93) ¶ 8. Plaintiffs have provided no reason why the representation of Defendants' counsel should not be credited.

However, there are reasons why representation of Defendants' counsel, Mr. Lovelace, should not be credited:

(a). During Plaintiffs' visit to inspect the purported "original" Note, which allegedly had been mailed to counsel, Mr. Lovelace refused to allow Plaintiffs to inspect or photocopy the envelope which contained the purported Note, thus concealing the return address. However, Mr. Lovelace stated that Bank of America had mailed it, although Bank of America is not a party. Mr. Lovelace claims to represent Bank of America. At that point, Mr. Lovelace had not filed a Notice of Appearance. Mr. Lovelace did not file a Notice of Appearance until March 12, 2012, over a year after he began participating in this litigation.

(b). In his [93] Declaration, Mr. Lovelace stated that he served Plaintiff a true and correct copy of that Declaration; however, it was not the copy that he filed with the Court. Paragraphs 7, 8 and 9, on page 3, were left out. Those paragraphs stated:

7. I obtained the original promissory note from Bank of America, N.A., the servicer of Plaintiffs' mortgage loan.

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

5

8. Defendants have informed me that they already produced the most current mortgage loan schedule.

9. I have inspected the mortgage loan schedule produced by the Defendants and it clearly identifies Plaintiffs' Loan.

Mr. Lovelace filed his [93] Declaration and his [94] Memorandum with the court on May 29, 2012;, although there is no Certificate of Service for either of them. However, Mr. Lovelace didn't serve that Declaration on Plaintiffs until June 5, 2012, after Plaintiffs faxed him a request.

(c). On July 13, 2012, the Court [101] ordered Plaintiffs to identify the discovery requests that were new, and ordered Defendants to respond within thirty (30) days of that identification.

1. On August 13, 2012, Plaintiffs filed [103] identification of the requests that are new. Thus Defendants' responses were due September 12, 2012.

2. On September 4, 2012, Mr. Lovelace left a message requesting an additional 30 days to respond.

3. On September 5, 2012, we called Mr. Lovelace & left a message stating that we would not oppose an extension.   This was for the Sept. 12, 2012 court Order deadline only and nothing more.

4. On September 24, 2012, Plaintiffs filed [104] Notice of Non-Response because Defendants failed to timely respond to Plaintiffs' discovery requests as [101] ordered, and no motion for extension of time had been served.

5. On Friday September 28, 2012, we received a call from Mr. Lovelace stating that he had received our Notice of Non-Response, he also stated that there has been some sort of misunderstanding and that he would like for us to call him back.

6

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

6. On Monday October 1, 2012, we received another phone call from Mr. Lovelace asking us to call him back.

7. On Tuesday, October 2, 2012, we called Mr. Lovelace, no one answered & we left a message to call us back.

8. On October 2, 2012, Mr. Lovelace called back & we spoke to him. He stated that he traditionally doesn't file an extension to the court & that the rules of the court do not apply.

9. On October 2, 2012, we called Mr. Lovelace back. We wanted to make our position very clear to him. We informed him that the a voice message we left for him on September 5, 2012, stated that we would not oppose him filing an extension of time with the court but it didn't mean that we were in agreement with him answering late and not filing an extension of time with the court at all. After this conversation we were under the impression that he would actually provide most, if not all of the documents. During this conversation he kept repeating, "Don't you want me to produce the documents?" and he also stated "let me give you these documents". We kept stating that this was exactly what we wanted him to do in the first place.

10. On October 5, 2012, Mr. Lovelace sent a [105] one page letter to the Judge Smith dated October 5, 2012. In this letter he is trying to state to the court that both parties were in agreement and no court intervention was needed.

11. We have not spoken with Mr. Lovelace since Oct. 2, 2012.

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

12. On October 18, 2012, we finally received Mr. Lovelace's responses, 36 days late. However, there were no documents provided, as promised by Mr. Lovelace during our October 2, 2012 phone conversation. Instead their responses consisted only of objections.

(d). Mr. Lovelace continues to insist, in letters and in filed Declarations, that he has produced the "current" Mortgage Loan Schedule.

All responses by LaSalle, Nationpoint, Home Loan Services, and MERS were made "subject to" the following 15 general objections, which were "incorporated into" all responses:

1. Defendant generally objects to the Requests to the extent that they seek disclosure of documents protected by the attorney-client privilege, protected by the attorney work-product privilege, prepared in anticipation of litigation or which constitute or disclose the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of Defendant concerning this or any other litigation or which are otherwise protected against disclosure by law. Such documents shall not be provided in response hereto, and inadvertent disclosure of the same shall not be deemed a waiver of any privilege or of protection for attorney work product.

2. Defendant generally objects to the Requests to the extent that they seek documents not relevant to the subject matter of the pending action or are not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant generally objects to the Requests to the extent that they seek documents that constitute or disclose trade secrets or other confidential and/or proprietary information of Defendant other than in accordance with a confidentiality and protective order entered into by the parties and granted by the Court. Defendant further objects to the Requests to the extent that they seek confidential or proprietary or personal information of a third-party, the disclosure of which is not permitted by reason of contract, privacy laws, or other binding or legal obligation.

4. Defendant generally objects to the Requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the proposed discovery in resolving the issues.

5. Defendant generally objects to the Requests to the extent that they are overly broad, unnecessarily burdensome or oppressive.

8

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

6. Defendant generally objects to the Requests to the extent they are confusing, vague or ambiguous, and thus not susceptible to a reasoned interpretation or response.

7. Defendant generally objects to the Requests to the extent that they seek documents not in the possession, custody or control of Defendant and/or are equally available to Plaintiffs as to Defendant.

8. Defendant generally objects to the Requests to the extent that they seek documents not readily obtained without undue labor and expense.

9. Defendant generally objects to the Requests to the extent that they require it to search for electronically stored information on back-up or legacy systems or to the extent that the Requests call for the restoration of any systems, programs, or media.

10. Defendant generally objects to the Requests to the extent they are not time-limited to a period reasonably relevant to Plaintiffs' claims.

11. Defendant generally objects to the Requests to the extent that they purport to require Defendant to provide information or perform analysis or compilations beyond the duties imposed by the Federal Rules of Civil Procedures and the Local Rules for the Southern District of New York.

12. The fact that Defendant objects to any particular Request should not be construed generally to mean that responsive documents exist. Similarly, the statement that Defendant will produce relevant documents in response to any particular Request should not be construed to mean that documents of a type or in the category described in the Request in fact exist. Furthermore, the production of any documents that are otherwise subject to an objection is not a waiver of any such objection as to any other documents not produced.

13. Defendant generally objects to the Requests to the extent that they assume the truth of allegations which are in dispute in this litigation or make incorrect and untrue assertions.

14. Defendant generally objects to the Requests to the extent they are directed to all Defendants. To the extent any Response to any Request indicates that responsive documents will be produced, such Response does not mean that all Defendants necessarily have such responsive documents in their possession custody or control, but only that at least one Defendant has such responsive documents in their possession custody or control and shall produce the same.

15. The responses provided below are made without waiver of, and with preservation of:

a. all objections as to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this litigation (including Trial the of this litigation) and any other action;

b. Defendant's right to object on any ground and at any time to a demand or request for additional documents or other discovery procedures related to the subject matter of this case; and

9

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

c. Defendant's right, at any time, to revise, correct, add to or clarify any of the responses and/or documents provided by Defendants.

All document requests have been objected to on the grounds of privilege (objection #1), yet NO privilege log has been produced. Even if there are documents referenced in the privilege log which enjoy a privilege against disclosure, the documents should have been fully described and properly referenced in Defendants' responses. They were not. At a minimum, Defendants must identify the responsive documents that are being withheld. Otherwise, Plaintiff can have no idea which documents were found by Defendants to be responsive, but subsequently deemed privileged by Defendants.

When a Defendant states "subject to the general objections" that there are no documents, it might mean, for example, that there ARE documents, but (in Defendant's opinion) those documents are "not relevant to the subject matter of the pending action" (objection #2), or contain "trade secrets" (objection #3), or that the "burden or expense" of producing the documents outweighs their likely benefit (objection #4, #5, #8, #9, #11), or that there's something wrong with the request (objection #6, #10, #13, #14).

Defendants have numerous time referred Plaintiff to its previous responses. The responding party may not answer an interrogatory by referencing another document unless the court deems it a legitimate response. See <u>Kenney v. Shaw,</u> 764 F. Supp. 1501, 1503 (N. D. Ga. 1991); <u>Mahoney v. Kempton,</u> 142 F.R.D. 32, 33 (D. Mass. 1992). A similar principle applies here although this is a request for production. Defendants may not allude to an answer, they must give an answer.

The particular document requests in issue, and the deficiency in Defendants' responses, are described as follows:

10

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

***LASALLE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND AMENDED***

***REQUEST FOR PRODUCTION OF DOCUMENTS***

The following are the disputed requests made to LaSalle, and LaSalle's responses:

Request No. 1. Produce the original Promissory Note for Plaintiffs' inspection.

Response to Request No.1:

Defendant has already made the original note available for Plaintiffs' inspection and Plaintiffs inspected the original note at the New York office of Reed Smith LLP.

This response is deficient because it is not true. Non-party Bank of America did not in fact make "the original note" available for Plaintiffs' inspection. It was a mere photocopy. See [91] Declaration of Jimmy Barberan and Tatsiana Barberan in Support of Order Compelling Discovery, ¶ 17 ("when Plaintiffs examined the purported 'original' documents, they were discovered to be only photocopies."). This response is also deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.  If LaSalle indeed does not have the original Promissory Note, then LaSalle cannot prevail on judicial foreclosure.

Request No. 2. All documents reflecting whether LaSalle is registered to do business in New York.

Response to Request No.2:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive. LaSalle merged into Bank of America, N.A. in 2007.

11

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the 15 General Objections, thus Defendant

may indeed have such documents but be objecting to their production. Without a ruling on those

objections, we cannot tell whether there are any such documents, or not. This Request directly

relates to paragraph 9 of the Fourth Amended Complaint.[1]

      Request No. 3. Produce all documents reflecting whether LaSalle does business under other

name(s).

Response to Request No.3:

> In addition to the foregoing general objections, Defendant objects to the request
> because it seeks documents not relevant to the subject matter of the pending action
> and not reasonably calculated to lead to the discovery of admissible evidence, and is
> overly broad, unnecessarily burdensome and oppressive. LaSalle merged into Bank
> of America, N.A. in 2007.

This response is deficient because it is made subject to the 15 General Objections, thus Defendant

may indeed have such documents but be objecting to their production. Without a ruling on those

objections, we cannot tell whether there are any such documents, or not. This Request directly

relates to paragraph 9 of the Fourth Amended Complaint.

> Request No. 4. Produce all documents reflecting whether Defendant, LaSalle, is the
> holder of any note or mortgage relevant to Plaintiffs.

Response to Request No.4:

> In addition to the foregoing general objections, Defendant objects to this request as
> redundant. Nonetheless, subject to the foregoing general and specific objections,
> Defendant refers Plaintiffs to its answer in response to document request number 1
> in Defendants' Response to Plaintiffs' Amended First Request for the Production of
> Documents (the "First Response"). Defendant has produced any and all documents
> responsive to this request.

---

[1] The Fourth Amended Complaint has been tendered for filing, to Judge Karas. Assuming it is accepted, it will
supplant the Third Amended Complaint, therefore we refer to the Fourth so that this Motion will not become instantly
obsolete when the Fourth Amended Complaint is accepted. The paragraph numbers are the same as in the Third.

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the 15 General Objections, thus Defendant

may indeed have such documents but be objecting to their production. Without a ruling on those

objections, we cannot tell whether there are any such documents, or not. In addition, the

responding party may not answer an interrogatory by referencing another document unless the

court deems it a legitimate response. See Kenney v. Shaw, 764 F. Supp. 1501, 1503 (N. D. Ga.

1991); Mahoney v. Kempton, 142 F.R.D. 32, 33 (D. Mass. 1992). A similar principle applies here

although this is a request for production. Defendants may not allude to an answer, they must give

an answer. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91,

92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

> Request No. 5. All documents reflecting the identity of the custodian of the Note.

Response to Request No.5:

> Subject to the foregoing general objections, Defendant has produced any and all
> documents responsive to this request. The current custodian of the Note is Bank of
> America, N.A., the servicer of Plaintiffs' loan.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth

Amended Complaint.

> Request No. 6. Produce all documents reflecting whether any holder has discharged
> the Promissory Note by materially and fraudulently altering it, and/or cancelling
> and/or renouncing it.

Response to Request No.6:

> Defendant does not have any documents responsive to this request.

13

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is subject to the 15 General Objections. Without a ruling on

those objections, we cannot tell whether there are any such documents, or not. Thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth

Amended Complaint.

> Request No. 7. Produce all documents reflecting whether the alleged Mortgage has
> ever been assigned by the Lender.

Response to Request No.7:

> In addition to the foregoing general objections,. Defendant objects to this request as
> redundant. Nonetheless, subject to the foregoing general and specific objections,
> Defendant refers Plaintiffs to its answer in response to document request number 1
> in Defendants' First Response. Subject to the foregoing general objections,
> Defendant has produced any and all documents responsive to this request.

This response is deficient because this Request directly relates to paragraph 107 of the Fourth

Amended Complaint. The responding party may not answer an interrogatory by referencing

another document.

> Request No. 8. Produce the Mortgage Loan Schedule of FIRST FRANKLIN MORTGAGE

LOAN TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, Series 2006-FF18.

> Response to Request No.8:

> Subject to the foregoing general objections, Defendant has produced any and all
> documents responsive to this request.

This response is deficient because it is made subject to the 15 General Objections, thus Defendant

may indeed have such documents but be objecting to their production. Without a ruling on those

objections, we cannot tell whether there are any such documents, or not. It is possible that

14

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Defendant has such Mortgage Loan Schedule; or it is possible that Defendant has such documents.

From this answer, it is impossible to tell. This Request directly relates to paragraphs 2(d) and 109

of the Fourth Amended Complaint.

Request No. 9. All documents showing whether the loan is in the current Mortgage Loan

Schedule.

Response to Request No.9:

Subject to the foregoing general objections, Defendant has produced any and all
documents responsive to this request.

This response is deficient because it is made subject to the 15 General Objections, thus Defendant

may indeed have such documents but be objecting to their production. Without a ruling on those

objections, we cannot tell whether there are any such documents, or not. It is possible that

Defendant has no documents showing whether the loan is in the current Mortgage Loan Schedule;

or it is possible that Defendant has such documents. From this answer, it is impossible to tell. This

Request directly relates to paragraphs 2(d) and 109 of the Fourth Amended Complaint.

Request No. 10. Produce all relevant Pooling and Servicing Agreement(s), Subservicing

Agreement(s).

Response to Request No.10:

In addition to the foregoing general objections, Defendant objects to this request as
redundant. Nonetheless, subject to the foregoing general and specific objections,
Defendant refers Plaintiffs to its answer in response to document request number 14
in Defendants' First Response. Subject to the general objections, Defendant has
produced any and all documents responsive to this request.

This response is deficient because it merely refers to another answer, which was a mere objection.

That response was also deficient because it is made subject to the General Objections, thus

Defendant may indeed have such documents but be objecting to their production. The responding

party may not answer an interrogatory by referencing another document. This Request directly

relates to paragraphs 2(d), 76, 77, 109, 149, 150, 151 of the Fourth Amended Complaint.

>Request No. 11. Produce the Pooling and Servicing Agreement dated as of
>December 1, 2006, among Merrill Lynch Mortgage Investors, Inc., as depositor,
>LaSalle Bank National Association, as trustee, National City Home Loan Services,
>Inc., as servicer.

Response to Request No. 11:

>In addition to the foregoing general objections, Defendant objects to this request as
>redundant. Nonetheless, subject to the foregoing general and specific objections,
>Defendant refers Plaintiffs to its answer in response to document request number 14
>in Defendants' First Response. Subject to the foregoing general objections,
>Defendant has produced any and all documents responsive to this request.

This response is deficient because the responding party may not answer an interrogatory by

referencing another document. This Request directly relates to paragraphs 2(d), 76, 77, 109, 149,

150, 151 of the Fourth Amended Complaint.

>Request No. 12. Produce all charters, or other documents showing the relationships
>between or among NATIONPOINT, MERSCORP, INC., MERS, HOME LOAN
>SERVICES, INC., LASALLE BANK NATIONAL ASSOCIATION, FIRST
>FRANKLIN, Merrill Lynch Mortgage Investors, Inc., and National City Home
>Loan Services, Inc. and Lender Processing Services, Inc. and Lender Processing
>Field Services and DocX LLC, a subsidiary of Lender Processing Services, Inc.

Response to Request No. 12:

>In addition to the foregoing general objections, Defendant objects to the request
>because it seeks documents not relevant to the subject matter of the pending action
>and not reasonably calculated to lead to the discovery of admissible evidence, and is
>overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. Without knowing the

16

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

relationships among the parties, Plaintiffs must proceed in the dark. This Request directly relates to paragraphs 13, 33, 46, 48-2, 50, 61, 75, 23, 24, 25, 28, 30-39, 35, 121, 123 of the Fourth Amended Complaint.

> Request No. 13. Produce all documents reflecting, showing, memorializing, ordering, or otherwise related to, any negotiation, transfer of possession, or transfer of ownership of the Note.

Response to Request No. 13:

> Defendant does not have any documents response to this request.

> This response is deficient because it is made subject to the General Objections, thus

Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

> Request No. 14. Produce all documents reflecting, showing, memorializing, ordering, or otherwise related to, any loss or destruction of the Note.

Response to Request No. 14:

> Defendant does not have any documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

> Request No. 15. Produce documents showing the name and address of the person having physical custody and control of the Note.

Response to Request No. 15:

17

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

The Note is currently in the possession of counsel for the Defendant and is presently located at Reed Smith LLP, 599 Lexington Avenue, New York, New York 10022.

This response is deficient because it does not identify the "name" of the "counsel for the Defendant"; there may be more than one such counsel. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 16. Produce all docs related to any "secured advance," as referred to in 12 U.S.C § 1430, secured by the Note and/or Mortgage at issue.

Response to Request No. 16:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the 15 General Objections, thus Defendant may indeed have such documents but be objecting to their production. Without a ruling on those objections, we cannot tell whether there are any such documents, or not. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 17. Produce all docs related to amounts paid to the Secretary under 12 use [sic; should be U.S.C.] § 2706, related to the property at issue.

Response to Request No. 17:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

18

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production.

Request No. 18. Produce all relevant Securitization Servicing Agreements.

Response to Request No. 18:

In addition to the foregoing general objections, Defendant objects to this request as
redundant. Subject to the foregoing general objections, Defendant has produced any
and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 2(d), 109, 149, 150, 151 of the Fourth Amended Complaint.

Request No. 19. Produce the Accounting Ledger Entries reflecting the entire
transaction, from the time the loan application was received until the present.

Response to Request No. 19:

In addition to the foregoing general objections, Defendant objects to this request as
redundant. Nonetheless, subject to the foregoing general and specific objections,
Defendant refers Plaintiffs to its answer in response to document request number 8
in Defendants' First Response.

This response is deficient because it merely refers to another answer, which was a mere objection.

The responding party may not answer an interrogatory by referencing another document.

Defendant's response to document request number 8 in Defendants' First Response was:

Request No. 8. All "General Ledger" accounting entries related to the disputed
transaction, showing changes to Assets, Liabilities and Owners' Equity.
Response to Request No. 8:
In addition to the foregoing general objections, Defendants object to the Request
because it seeks documents not relevant to the subject matter of the pending action
and not reasonably calculated to lead to the discovery of admissible evidence, and is
overly broad, unnecessarily burdensome and oppressive.

19

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

That response was also deficient because it is made subject to the General Objections, thus

Defendant may indeed have such documents but be objecting to their production.

Request No. 20. Produce all relevant transaction records and filings with the IRS.

Response to Request No. 20:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it merely refers to another answer, which was a mere objection.

That response was also deficient because it is made subject to the General Objections, thus

Defendant may indeed have such documents but be objecting to their production.

Request No. 21. Produce all relevant collateral file(s).

Response to Request No. 21:

Subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production.

Request No. 31. The MERS membership agreement of Defendant LaSalle.

Response to Request No. 31:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 13 in Defendants' First Response.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. The responding party may

20

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

not answer an interrogatory by referencing another document. This Request directly relates to

paragraphs 23, 24, 35, 121, 123 of the Fourth Amended Complaint.

Request No. 42. All documents showing any relationship between Eileen J Gonzales and

LaSalle.

Response to Request No. 42:

> In addition to the foregoing general objections, Defendant objects to the request
> because it seeks documents not relevant to the subject matter of the pending action
> and not reasonably calculated to lead to the discovery of admissible evidence, and is
> overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 2(e), 115-119, 126,

130 of the Fourth Amended Complaint.

Request No. 43. All documents showing the authority of Nghia Tran to stamp the Note.

Response to Request No. 43:

> In addition to the foregoing general objections, Defendant objects to this request as
> redundant. Nonetheless, subject to the foregoing general and specific objections,
> Defendant refers Plaintiffs to its answer in response to document request number 27
> in Defendants' First Response.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. The responding

party may not answer an interrogatory by referencing another document. This Request directly

relates to paragraphs 2(f), 96, 98-104 of the Fourth Amended Complaint.

### *NATIONPOINT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND*

### *AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS*

The following are the disputed requests made to Nationpoint, and Nationpoint's responses:

21

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 1. Produce the original Promissory Note for Plaintiffs' inspection.

Response to Request No.1:

Defendant has already made the original note available for Plaintiffs' inspection and Plaintiffs inspected the original note at the New York office of Reed Smith LLP.

This response is deficient because it is not true. "Defendant" did no such thing. Non-party Bank of America claimed to make "the original note" available for Plaintiffs' inspection, but did not do so. It was a mere photocopy. See [91] Declaration of Jimmy Barberan and Tatsiana Barberan in Support of Order Compelling Discovery, ¶ 17 ("when Plaintiffs examined the purported 'original' documents, they were discovered to be only photocopies."). This response is also deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 2. All documents showing the authority, or lack thereof, of Nghia Tran to stamp the Note.

Response to Request No.2:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 27 in Defendants' Response to Plaintiffs' Amended First Request for the Production of Documents (the "First Response").

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. The responding party may not answer an interrogatory by referencing another document. This Request directly relates to paragraphs 2(f), 96, 98-104 of the Fourth Amended Complaint.

22

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 3. All documents showing any meaningful attempt to comply with the provision of R. 4:64-1(b)(1) by 'reciting all assignments in the chain of title. '

Response to Request No.3:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraph 35 of the Fourth

Amended Complaint.

Request No. 4. All documents reflecting whether Lender is registered to do business in

New York.

Response to Request No.4:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive. Additionally, Defendant is not in possession of any documents responsive to this request.

This response is deficient because this Request directly relates to paragraphs 9 and 12 of the

Fourth Amended Complaint.

Request No. 5. All documents reflecting any false statements in the closing documents.

Response to Request No.5:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive. Additionally, Defendant is not in possession of any documents responsive to this request.

23

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because this Request directly relates to paragraphs 2, 68, 79 of the

Fourth Amended Complaint.

Request No. 6. All documents reflecting any conclusory statements in the closing

documents.

Response to Request No.6:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive. Additionally, Defendant is not in possession of any documents responsive to this request.

This response is deficient because this Request directly relates to paragraphs 56, 66 of the

Fourth Amended Complaint.

Request No. 7. All documents reflecting whether Plaintiffs kept the loan paid current, up until they rescinded it.

Response to Request No.7:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 3 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because the responding party may not answer an interrogatory by

referencing another document. This Request directly relates to paragraph 78 of the Fourth

Amended Complaint.

Request No. 8. All documents reflecting any other party, besides the Lender, claiming to be Owner and Holder of the Note.

Response to Request No.8:

24

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 22 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. The responding party may not answer an interrogatory by referencing another document. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 9. All documents reflecting whether any holder has discharged the Promissory Note by materially and fraudulently altering it, and/or cancelling and/or renouncing it.

Response to Request No.9:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 22 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. The responding party may not answer an interrogatory by referencing another document. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 10. Produce the Mortgage Loan Schedule of FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, Series 2006-FFI8.

25

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Response to Request No. 10:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant has produced all documents responsive to this request.

This response is deficient because it is made subject to the 15 General Objections, thus Defendant may indeed have such documents but be objecting to their production. Without a ruling on those objections, we cannot tell whether there are any such documents, or not. It is possible that Defendant has no documents showing whether the loan is in the current Mortgage Loan Schedule; or it is possible that Defendant has such documents. From this answer, it is impossible to tell. This Request directly relates to paragraphs 2(d) and 109 of the Fourth Amended Complaint.

> Request No. 11. All relevant Pooling and Servicing Agreement(s), Subservicing Agreement(s).

Response to Request No. 11:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 14 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. The responding party may not answer an interrogatory by referencing another document. This Request directly relates to paragraphs 76, 77 of the Fourth Amended Complaint.

> Request No. 12. Produce the Pooling and Servicing Agreement dated as of December 1,2006, among Merrill Lynch Mortgage Investors, Inc., as depositor, LaSalle Bank National Association, as trustee, National City Home Loan Services, Inc., as servicer.

26

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Response to Request No. 12:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 14 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. The responding

party may not answer an interrogatory by referencing another document. This Request directly

relates to paragraphs 76, 77 of the Fourth Amended Complaint.

> Request No. 13. Produce all relevant Pooling and Servicing Agreement(s), Subservicing

Agreement(s).

Response to Request No. 13:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 14 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. The responding party may

not answer an interrogatory by referencing another document. This Request directly relates to

paragraphs 76, 77 of the Fourth Amended Complaint.

> Request No. 14. Produce the Pooling and Servicing Agreement dated as of December 1, 2006, among Merrill Lynch Mortgage Investors, Inc., as depositor, LaSalle Bank National Association, as trustee, National City Home Loan Services, Inc., as servicer.

Response to Request No. 14:

27

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 14 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. The responding

party may not answer an interrogatory by referencing another document. This Request directly

relates to paragraphs 76, 77 of the Fourth Amended Complaint.

Request No. 15. Produce all relevant Mortgage Loan Schedules.

Response to Request No. 15:

In addition to the foregoing general objections, Defendant has already produced any and all documents responsive to this request.

This response is deficient because it is made subject to the 15 General Objections, thus Defendant

may indeed have such documents but be objecting to their production. Without a ruling on those

objections, we cannot tell whether there are any such documents, or not. It is possible that

Defendant has no documents showing whether the loan is in the current Mortgage Loan Schedule;

or it is possible that Defendant has such documents. From this answer, it is impossible to tell. This

Request directly relates to paragraphs 2(d) and 109 of the Fourth Amended Complaint.

Request No. 16. All charters, or other documents showing the relationships between or among NATIONPOINT, MERSCORP, INC., MERS, HOME LOAN SERVICES, INC., LASALLE BANK NATIONAL ASSOCIATION, FIRST FRANKLIN, Merrill Lynch Mortgage Investors, Inc., and National City Home Loan Services, Inc. and Lender Processing Services, Inc. and Lender Processing Field Services and DocX LLC, a subsidiary of Lender Processing Services, Inc.

Response to Request No. 16:

28

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(d), 33, 109, 149, 150, 151 of the Fourth Amended Complaint.

Request No. 17. All documents reflecting, showing, memorializing, ordering, or otherwise related to, any negotiation, transfer of possession, or transfer of ownership of the note on the promissory note.

Response to Request No. 17:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 1 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. The responding party may not answer an interrogatory by referencing another document. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 18. All documents reflecting, showing, memorializing, ordering, or otherwise related to, any loss or destruction of the Note.

Response to Request No. 18:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Defendant has no documents to produce in response to this request.

29

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth

Amended Complaint.

> Request No. 19. Produce documents showing the name and address of the person
> having physical custody and control of the Note.

Response to Request No. 19:

> The Note is currently in the possession of counsel for the Defendant and is
> presently located at Reed Smith LLP, 599 Lexington Avenue, New York, New
> York 10022.

This response is deficient because it is not true. Plaintiffs inspected that alleged "original note" and

found it to be a mere photocopy. See [91] Declaration of Jimmy Barberan and Tatsiana Barberan

in Support of Order Compelling Discovery, ¶ 17 ("when Plaintiffs examined the purported

'original' documents, they were discovered to be only photocopies.").

This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92,

94, 95, 96, 105, 139 of the Fourth Amended Complaint.

> Request No. 20. All docs related to any "secured advance," as referred to in 12
> U.S.C. § 1430, secured by the Note and/or Mortgage at issue.

Response to Request No. 20:

> In addition to the foregoing general objections, Defendant objects to the request
> because it seeks documents not relevant to the subject matter of the pending action
> and not reasonably calculated to lead to the discovery of admissible evidence, and is
> overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41,

42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

30

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 21. All docs related to amounts paid to the Secretary under 12 U.S.C. § 2706, related to the property at issue.

Response to Request No. 21:

>    In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production.

>    Request No. 22. All relevant Securitization Servicing Agreements.

Response to Request No. 22:

>    In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive. Additionally, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 2(d), 76, 77, 109, 149, 150, 151 of the Fourth Amended Complaint.

>    Request No. 23. Produce the Accounting Ledger Entries reflecting the entire transaction, from the time the loan application was received until the present.

Response to Request No. 23:

>    In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 8 in Defendants' First Response.

31

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it merely refers to another answer, which was a mere objection. That response was also deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 56, 58, 60-61, 67, 75, 78, 85, 91, 108, 110, 146-9 of the Fourth Amended Complaint.

Request No. 24. All relevant transaction records and filings with the IRS.

Response to Request No. 24:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production.

Request No. 25. Produce the Closing Agent Agreement between NATIONPOINT and the closing agent.

Response to Request No. 25:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. The response to this Request will identify the party to interrogate regarding paragraphs 68-75 of the Fourth Amended Complaint.

32

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 26. All relevant collateral file(s).

Response to Request No. 26:

Subject to the foregoing general objections, Defendant has produced any and all documents in its possession, custody or control responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production.

Request No. 27. Produce NATIONPOINT's application for MERS membership.

Response to Request No. 27:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 23, 24, 35, 121, 123

of the Fourth Amended Complaint.

Request No. 28. All documents reflecting or showing that the contracts were not adhesion

contracts.

Response to Request No. 28:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 23, 24, 25, 28, 30-39, 35, 56, 121, 123 of the Fourth Amended

Complaint.

33

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 29. All documents reflecting or showing MERS' "interest" in the mortgage.

Response to Request No. 29:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive. Additionally, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 30, 138, 178 of the Fourth Amended Complaint.

Request No. 30. All documents reflecting or showing the definition of "beneficial ownership interests in the promissory note and/or loan servicing rights" tracked by MERS.

Response to Request No. 30:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery· of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive. Additionally, Defendant is not in possession of any documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 31. All documents reflecting or showing that MERS was truly, and not falsely, identified as mortgagee.

Response to Request No. 31:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections,

34

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Defendant refers Plaintiffs to its answer in response to document request number 1 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. The responding

party may not answer an interrogatory by referencing another document. This Request directly

relates to paragraphs 2(g), 57 of the Fourth Amended Complaint.

Request No. 32. All documents reflecting or showing that NATIONPOINT no longer is the owner and holder of the Note.

Response to Request No. 32:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of

the Fourth Amended Complaint.

Request No. 33. Produce the board resolution (with an original seal) showing the successorship from NATIONPOINT to LASALLE.

Response to Request No. 33:

Subject to the foregoing general objections, Defendant has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 2(a), 2(e), 2(f), 40 of the Fourth Amended Complaint.

35

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 34. All relevant title papers.

Response to Request No. 34:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 1 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. The responding

party may not answer an interrogatory by referencing another document.

Request No. 35. All documents that describe where, and in whose possession, the original note and mortgage documents have been.

Response to Request No. 35:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 1 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. The responding

party may not answer an interrogatory by referencing another document. This Request directly

relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the

Fourth Amended Complaint.

Request No. 36. Documents reflecting whether NATIONPOINT is still the owner and holder of the Note.

Response to Request No. 36:

36

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answers in response to document requests numbers 1 and 22 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. The responding

party may not answer an interrogatory by referencing another document. This Request directly

relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the

Fourth Amended Complaint.

Request No. 37. Accounting ledgers or other documents reflecting whether NATIONPOINT provided capital to lenders.

Response to Request No. 37:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 8 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. The responding party may

not answer an interrogatory by referencing another document. This Request directly relates to

paragraphs 31-32 of the Fourth Amended Complaint.

Request No. 38. All accounting ledgers or other documents reflecting whether NATIONPOINT has ever been the recipient of any loan repayment made by Plaintiff.

Response to Request No. 38:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections,

37

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Defendant refers Plaintiffs to its answers in response to document requests numbers 1, 3, and 8 in Defendants' First Response. Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. The responding party may not answer an interrogatory by referencing another document. This Request directly relates to paragraphs 78, 162 of the Fourth Amended Complaint.

Request No. 39. All contracts between NATIONPOINT and other Defendants.

Response to Request No. 39:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 23, 24, 25, 28, 30-39, 35, 121, 123 of the Fourth Amended Complaint.

Request No. 40. All NATIONPOINT's records of due diligence and quality control reports; custodian exception reports; reports of investigations of loss, theft or destruction of the note; the last sign in and sign out of the promissory note via the custodian's records and register; and receipts of the last mailing or transfer of such note, and registered mail receipts.

Response to Request No. 40:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Furthermore, Defendant has already provided any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request

38

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of

the Fourth Amended Complaint.

> Request No. 41. All documents reflecting whether any of the Defendants is Owner
> and Holder of the Note.

Response to Request No. 41:

> Subject to the foregoing general objections, Defendant has already provided any
> and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of

the Fourth Amended Complaint.

> Request No. 42. All documents reflecting whether any holder has discharged the
> Promissory Note by materially and fraudulently altering it, and/or cancelling and/or
> renouncing it.

Response to Request No. 42:

> Defendant objects to this request as redundant. Additionally, Defendant has no
> documents to produce in response to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of

the Fourth Amended Complaint.

> Request No. 43. Produce the Mortgage Loan Schedule of FIRST FRANKLIN
> MORTGAGE LOAN TRUST MORTGAGE LOAN ASSET-BACKED
> CERTIFICATES, Series 2006-FFIS.

Response to Request No. 43:

39

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the 15 General Objections, thus Defendant may indeed have such documents but be objecting to their production. Without a ruling on those objections, we cannot tell whether there are any such documents, or not. It is possible that Defendant has no documents showing whether the loan is in the current Mortgage Loan Schedule; or it is possible that Defendant has such documents. From this answer, it is impossible to tell. This Request directly relates to paragraphs 2(d) and 109 of the Fourth Amended Complaint.

Request No. 44. All documents reflecting whether Nationpoint is registered to do business in New York.

Response to Request No. 44:

In addition to the foregoing general objections, Defendant has no documents responsive to this request.

This response is deficient because this Request directly relates to paragraphs 9 and 12 of the Fourth Amended Complaint.

Request No. 45. Produce all documents reflecting whether NATIONPOINT is the holder of any note or mortgage relevant to Plaintiffs.

Response to Request No. 45:

Subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

40

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 46. All documents reflecting the identity of the custodian of the Note.

Response to Request No. 46:

Subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request. The current custodian of the Note is Bank of America, N.A., the servicer of Plaintiffs' loan.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of

the Fourth Amended Complaint.

Request No. 47. Produce all documents reflecting whether any holder has discharged the Promissory Note by materially and fraudulently altering it, and/or cancelling and/or renouncing it.

Response to Request No. 47:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, Defendant has no documents to produce in response to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of

the Fourth Amended Complaint.

Request No. 48. Produce all documents reflecting whether the alleged Mortgage has ever been assigned by the Lender.

Response to Request No. 48:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, Defendant has produced any and all documents responsive to this request.

41

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 107 of the Fourth Amended Complaint.

> Request No. 51. All documents reflecting whether NATIONPOINT received Notice of Rescission.

Response to Request No. 51:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant 20 refers Plaintiffs to its answers in response to document requests numbers 1, 2, and 4 in Defendants' First Response.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. The responding party may not answer an interrogatory by referencing another document. This Request directly relates to paragraph 79 of the Fourth Amended Complaint.

> Request No. 52. All documents reflecting whether NATIONPOINT released the security interest within 20 days of receipt of Notice of Rescission.

Response to Request No. 52:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answers In response to document requests numbers 1, 2, and 4 in Defendants' First Response.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. The responding party may not answer an interrogatory by referencing another document. This Request directly relates to paragraphs 86, 145 of the Fourth Amended Complaint.

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 53. All documents reflecting whether the loan is in the current Mortgage Loan Schedule.

Response to Request No. 53:

> In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the 15 General Objections, thus Defendant may indeed have such documents but be objecting to their production. Without a ruling on those objections, we cannot tell whether there are any such documents, or not. It is possible that Defendant has no documents showing whether the loan is in the current Mortgage Loan Schedule; or it is possible that Defendant has such documents. From this answer, it is impossible to tell. This Request directly relates to paragraphs 1, 2(d), 77, 109 of the Fourth Amended Complaint.

Request No. 67. All documents showing whether LaSalle is in possession of the Note.

Response to Request No. 67:

> The Note is currently in the possession of counsel for the Defendant and is presently located at Reed Smith LLP, 599 Lexington Avenue, New York, New York 10022.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

43

*HOME LOAN SERVICES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'*

*SECOND AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS*

The following are the disputed requests made to Home Loan, and Home Loan's responses:

Request No. 1. Produce the original Promissory Note for Plaintiffs' inspection.

Response to Request No.1:

Defendant has already made the original note available for Plaintiffs' inspection and Plaintiffs inspected the original note at the New York office of Reed Smith LLP.

This response is deficient because it is not true. "Defendant" did no such thing. Non-party Bank of America claimed to make "the original note" available for Plaintiffs' inspection, but did not do so. It was a mere photocopy. See [91] Declaration of Jimmy Barberan and Tatsiana Barberan in Support of Order Compelling Discovery, ¶ 17 ("when Plaintiffs examined the purported 'original' documents, they were discovered to be only photocopies."). This response is also deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 2. All documents reflecting whether HomeLoan is registered to do business in New York.

Response to Request No.2:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive. Notwithstanding the foregoing, HLS states that it merged into BAC Home Loans Servicing, L.P., which subsequently merged into Bank of America, N.A ..

44

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because this Request directly relates to paragraphs 9, 45 and 47 of the

Fourth Amended Complaint.

> Request No. 3. Produce all documents reflecting whether Fidelity National
> Information Services, Inc. is registered to do business in New York.

Response to Request No.3:

> In addition to the foregoing general objections, Defendant objects to the request
> because it seeks documents not relevant to the subject matter of the pending action
> and not reasonably calculated to lead to the discovery of admissible evidence, and is
> overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 47 of the Fourth Amended Complaint.

> Request No. 4. Produce all documents reflecting whether Defendant HomeLoan
> does business under the name of First Franklin Loan Services.

Response to Request No.4:

> In addition to the foregoing general objections, Defendant objects to the request
> because it seeks documents not relevant to the subject matter of the pending action
> and not reasonably calculated to lead to the discovery of admissible evidence, and is
> overly broad, unnecessarily burdensome and oppressive. Nonetheless, the
> Defendant does not have any documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraph 48 of the Fourth Amended Complaint.

> Request No. 5. All documents reflecting the identity of the custodian of the Note.

Response to Request No.5:

> Subject to the foregoing general objections, Defendant has produced any and all
> documents responsive to this request.

45

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 6. All documents reflecting whether any of the Defendants is Owner and Holder of the Note.

Response to Request No.6:

Subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 7. Produce all documents reflecting whether any holder has discharged the Promissory Note by materially and fraudulently altering it, and/or cancelling and/or renouncing it.

Response to Request No.7:

Defendant does not have any document responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 8. Produce all documents reflecting any assignments of the alleged Mortgage.

46

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Response to Request No.8:

> Subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 2(e), 22, 35, 87, 88, 105, 107, 108, 111, 112 of the Fourth Amended Complaint.

> Request No. 9. Produce the Mortgage Loan. Schedule of FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, Series 2006-FFI8.

Response to Request No.9:

> Subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the 15 General Objections, thus Defendant may indeed have such documents but be objecting to their production. Without a ruling on those objections, we cannot tell whether there are any such documents, or not. It is possible that Defendant has no documents showing whether the loan is in the current Mortgage Loan Schedule; or it is possible that Defendant has such documents. From this answer, it is impossible to tell. This Request directly relates to paragraphs 2(d) and 109 of the Fourth Amended Complaint.

> Request No. 10. All documents showing whether the loan is in the current Mortgage Loan Schedule.

Response to Request No.10:

> Subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

47

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 1, 2(d), 77, 109 of the Fourth Amended Complaint.

      Request No. 11. Produce all relevant Pooling and Servicing Agreement(s), Subservicing Agreement(s).

Response to Request No. 11:

> Subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

This response is deficient because it merely refers to another answer, which was a mere objection. That response was also deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 2(d), 76, 77, 109, 149, 150, 151 of the Fourth Amended Complaint.

> Request No. 12. Produce the Pooling and Servicing Agreement dated as of December 1, 2006, among Merrill Lynch Mortgage Investors, Inc., as depositor, LaSalle Bank National Association, as trustee, National City Home Loan Services, Inc., as servicer.

Response to Request No. 12:

> Subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

This response is deficient because it merely refers to another answer, which was a mere objection. That response was also deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(d), 76, 77, 109, 149, 150, 151 of the Fourth Amended Complaint.

48

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 13. Produce all charters, or other documents showing the relationships between or among NATIONPOINT, MERSCORP, INC., MERS, HOME LOAN SERVICES, INC., LASALLE BANK NATIONAL ASSOCIATION, FIRST FRANKLIN, Merrill Lynch Mortgage Investors, Inc., and National City Home Loan Services, Inc. and Lender Processing Services, Inc. and Lender Processing Field Services and DocX LLC, a subsidiary of Lender Processing Services, Inc.

Response to Request No. 13:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 23, 24, 25, 28, 30-39, 35, 121, 123 of the Fourth Amended Complaint.

Request No. 14. Produce all documents reflecting, showing, memorializing, ordering, or otherwise related to, any negotiation, transfer of possession, or transfer of ownership of the note on the Note.

Response to Request No. 14:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 1 in Defendants' Response to Plaintiffs' Amended First Request for the Production of Documents (the "First Response").

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. The responding party may not answer an interrogatory by referencing another document. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

49

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 15. Produce all documents reflecting, showing, memorializing, ordering, or otherwise related to, any loss or destruction of the Note.

Response to Request No. 15:

Defendant has no documents to produce in response to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of

the Fourth Amended Complaint.

Request No. 16. Produce documents showing the name and address of the person having physical custody and control of the Note.

Response to Request No. 16:

The Note is currently in the possession of counsel for the Defendant and is presently located at Reed Smith LLP, 599 Lexington Avenue, New York, New York 10022.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of

the Fourth Amended Complaint.

Request No. 17. Produce all does related to any. "secured advance," as referred to in 12 U.S.C. § 1430, secured by the Note and/or Mortgage at issue.

Response to Request No. 17:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

50

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of

the Fourth Amended Complaint.

Request No. 18. Produce all docs related to amounts paid to the Secretary under 12 U.S.C.

§ 2706, related to the property at issue.

Response to Request No. 18:

In addition to the foregoing general objections, Defendant objects to the request
because it seeks documents not relevant to the subject matter of the pending action
and not reasonably calculated to lead to the discovery of admissible evidence, and is
overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production.

Request No. 19. Produce all relevant Securitization Servicing Agreements.

Response to Request No. 19:

In addition to the foregoing general objections, Defendant objects to the request
because it seeks documents not relevant to the subject matter of the pending action
and not reasonably calculated to lead to the discovery of admissible evidence, and is
overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 2(d), 76, 77, 109, 149, 150, 151 of the Fourth Amended Complaint.

Request No. 20. Produce the Accounting Ledger Entries reflecting the entire
transaction, from the time the loan application was received until the present.

Response to Request No. 20:

51

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 8 in Defendants' First Response.

This response is deficient because it merely refers to another answer, which was a mere objection.

That response was also deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 56, 58, 60-61, 67, 75, 78, 85, 91, 108, 110, 146-9 of the Fourth Amended Complaint.

Request No. 21. Produce all relevant transaction records and filings with the IRS.

Response to Request No. 21:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production.

Request No. 22. Produce all relevant collateral file(s).

Response to Request No. 22:

Subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production.

Request No. 32. The MERS membership agreement of Defendant HomeLoan.

Response to Request No. 32:

52

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 13 in Defendants' First Response.

This response is deficient because the responding party may not answer an interrogatory by referencing another document. This Request directly relates to paragraphs 23, 24, 35, 121, 123 of the Fourth Amended Complaint.

Request No. 47. All documents showing the authorization of Nghia Tran to stamp the Note.

Response to Request No. 47:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 27 in Defendants' First Response.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. The responding party may not answer an interrogatory by referencing another document. This Request directly relates to paragraphs 2(f), 96, 98-104 of the Fourth Amended Complaint.


***MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS***

The following are the disputed requests made to MERS, and MERS' responses:

Request No. 1. Produce the original Promissory Note for Plaintiffs' inspection.

Response to Request No.1:

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Other Defendants have already made the original note available for Plaintiffs'
inspection and Plaintiffs inspected the original note at the New York office of Reed
Smith LLP.

This response is deficient because it is not true. "Other Defendants" did no such thing. Non-party

Bank of America claimed to make "the original note" available for Plaintiffs' inspection, but did

not do so. It was a mere photocopy. See [91] Declaration of Jimmy Barberan and Tatsiana

Barberan in Support of Order Compelling Discovery, ¶ 17 ("when Plaintiffs examined the

purported 'original' documents, they were discovered to be only photocopies."). This response is

also deficient because it is made subject to the General Objections, thus Defendant may indeed

have such documents but be objecting to their production. This Request directly relates to

paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth

Amended Complaint.

Request No. 2. All documents reflecting whether MERS is registered to do business in
New York.

Response to Request No.2:

In addition to the foregoing general objections, Defendant objects to the request
because it seeks documents not relevant to the subject matter of the pending action
and not reasonably calculated to lead to the discovery of admissible evidence, and is
overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 9 and 16 of the

Fourth Amended Complaint.

Request No. 3. Produce NATIONPOINT's application for MERS membership.

Response to Request No.3:

In addition to the foregoing general objections, Defendant objects to the request
because it seeks documents not relevant to the subject matter of the pending action

54

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 23, 24, 35, 121, 123

of the Fourth Amended Complaint.

Request No. 4. Produce HOMELOAN's application for MERS membership.

Response to Request No.4:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 23, 24, 35, 121, 123

of the Fourth Amended Complaint.

Request No. 5. Produce LASALLE's application for MERS membership.

Response to Request No.5:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 23, 24, 35, 121, 123

of the Fourth Amended Complaint.

Request No. 6. Produce FIRST FRANKLIN's application for MERS membership.

Response to Request No.6:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because this Request directly relates to paragraphs 23, 24, 35, 121, 123

of the Fourth Amended Complaint.

Request No. 7. Produce NATIONPOINT's Membership Profile.

Response to Request No.7:

In addition to the foregoing general objections, Defendant objects to the request
because it seeks documents not relevant to the subject matter of the pending action
and not reasonably calculated to lead to the discovery of admissible evidence, and is
overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 23, 24, 35, 121, 123

of the Fourth Amended Complaint.

Request No. 8. Produce HOMELOAN's Membership Profile.

Response to Request No.8:

In addition to the foregoing general objections, Defendant objects to the request
because it seeks documents not relevant to the subject matter of the pending action
and not reasonably calculated to lead to the discovery of admissible evidence, and is
overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 23, 24, 35, 121, 123

of the Fourth Amended Complaint.

Request No. 9. Produce LASALLE's Membership Profile.

Response to Request No.9:

In addition to the foregoing general objections, Defendant objects to the request
because it seeks documents not relevant to the subject matter of the pending action
and not reasonably calculated to lead to the discovery of admissible evidence, and is
overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 23, 24, 35, 121, 123

of the Fourth Amended Complaint.

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 10. Produce FIRST FRANKLIN's Membership Profile.

Response to Request No.1 0:

> In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 23, 24, 35, 121, 123

of the Fourth Amended Complaint.

Request No. 11. All documents reflecting or showing that the contracts were not adhesion

contracts.

Response to Request No. 11:

> In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 23, 24, 25, 28, 30-39,

35, 56, 121, 123 of the Fourth Amended Complaint.

Request No. 12. All documents reflecting or showing MERS' "interest" in the mortgage.

Response to Request No. 12:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 30, 138, 178 of the Fourth Amended Complaint.

57

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 13. All documents reflecting or showing the definition of "beneficial ownership interests in the promissory note and/or loan servicing rights" tracked by MERS.

Response to Request No. 13:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 30, 138, 178 of the Fourth Amended Complaint.

Request No. 14. All documents reflecting that MERS was truly, and not falsely, identified

as mortgagee.

Response to Request No. 14:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 30, 138, 178 of the Fourth Amended Complaint.

Request No. 15. Documents reflecting whether NATIONPOINT is still the owner and holder of the Note.

Response to Request No. 15:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general objections, MERS has no documents responsive to this request.

58

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth

Amended Complaint.

> Request No. 16. Produce the board resolution (with an original seal) showing the
> successorship from NATIONPOINT to LASALLE.

Response to Request No. 16:

> In addition to the foregoing general objections, Defendant objects to this request as
> redundant. Nonetheless, subject to the foregoing general objections, MERS has no
> documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 2(a), 2(e), 2(f), 40 of the Fourth Amended Complaint.

> Request No. 17. All relevant title papers.

Response to Request No. 17:

> Subject to the foregoing general objections, MERS has no documents responsive to
> this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production.

> Request No. 18. All documents that describe where, and in whose possession, the
> original note and mortgage documents have been.

Response to Request No. 18:

> Subject to the foregoing general objections, MERS has no documents responsive to
> this request.

59

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 37, 105 of the Fourth Amended Complaint.

Request No. 19. All documents reflecting other functions of MERSCORP, INC. besides owning MERS.

Response to Request No. 19:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 15-16 of the Fourth Amended Complaint.

Request No. 20. All documents reflecting business conducted by MERSCORP, INC. in its own name.

Response to Request No. 20:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraph 15 of the Fourth Amended Complaint.

Request No. 21. All documents reflecting the appointment of R. K. Arnold as President and CEO of MERSCORP and MERS.

Response to Request No. 21:

60

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraph 17 of the Fourth

Amended Complaint.

Request No. 22. All documents reflecting MERS' good standing, or lack thereof, in

Delaware.

Response to Request No. 22:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 13, 21 of the Fourth

Amended Complaint.

Request No. 23. All written MERS Rules which govern MERS' relationship with its

members.

Response to Request No. 23:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 10 in Defendants' First Response.

This response is deficient because the responding party may not answer an interrogatory by

referencing another document. This Request directly relates to paragraphs 23, 24, 25, 28, 30-39,

35, 121, 123 of the Fourth Amended Complaint.

Request No. 24. All user manuals for MERS' computer software.

61

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Response to Request No. 24:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 11 in Defendants' First Response.

This response is deficient because this Request directly relates to paragraphs 23, 24, 25-28, 30-39,

35, 121, 123 of the Fourth Amended Complaint.

> Request No. 25. Accounting ledgers or other documents reflecting whether MERS provided capital to lend.

Response to Request No. 25:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 8 in Defendants' First Response.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 31-32 of the Fourth Amended Complaint.

> Request No. 26. All accounting ledgers or other documents reflecting whether MERS has ever been the recipient of any loan repayment made by Plaintiff.

Response to Request No. 26:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 3 in Defendants' First Response. Subject to the foregoing general objections, Defendant has produced any and all documents responsive to this request.

62

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 31-32 of the Fourth Amended Complaint.

Request No. 27. All contracts between MERS and other Defendants.

Response to Request No. 27:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because this Request directly relates to paragraphs 23, 24, 25, 28, 30-39, 35, 121, 123 of the Fourth Amended Complaint.

Request No. 28. All documents relating to any change in the party for whom MERS was acting as nominee.

Response to Request No. 28:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 34-35 of the Fourth Amended Complaint.

Request No. 29. All documents reflecting whether MERS conceals the identity of the party for whom MERS was acting as nominee.

Response to Request No. 29:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action

63

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 34, 36 of the Fourth Amended Complaint.

> Request No. 30. All information contained in MERS' computer system showing all investors, servicers, subservicers, and the document custodian who actually has physical possession of the note.

Response to Request No. 30:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 12 in Defendants' First Response.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraph 37 of the Fourth Amended Complaint.

> Request No. 31. All MERS' records of due diligence and quality control reports; custodian exception reports; reports of investigations of loss, theft or destruction of the note; the last sign in and sign out of the promissory note via the custodian's records and register; and receipts of the last mailing or transfer of such note, and registered mail receipts.

Response to Request No. 31:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 12 in Defendants' First Response.

64

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraph 38 of the Fourth Amended Complaint.

>   Request No. 32. Documents reflecting the total number of foreclosure cases in
>   which MERS was involved.

Response to Request No. 32:

>   In addition to the foregoing general objections, Defendant objects to the request
>   because it seeks documents not relevant to the subject matter of the pending action
>   and not reasonably calculated to lead to the discovery of admissible evidence, and is
>   overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 38-39 of the Fourth Amended Complaint.

>   Request No. 33. Documents reflecting the number of cases in which MERS has claimed the

note is lost.

Response to Request No. 33:

>   In addition to the foregoing general objections, Defendant objects to this request as
>   redundant. Nonetheless, subject to the foregoing general and specific objections,
>   Defendant refers Plaintiffs to its answer in response to document request number 17
>   in Defendants' First Response.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 38-39 of the Fourth Amended Complaint.

>   Request No. 34. All documents reflecting the number of foreclosure cases in which
>   MERS has claimed the note is lost, but has never filed police or insurance reports.

65

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Response to Request No.34:

> In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 38-39 of the Fourth Amended Complaint.

> Request No. 35. All documents reflecting whether MERS has a pattern and practice of recording false assignments in county records.

Response to Request No. 35:

> In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 87-88 of the Fourth Amended Complaint.

> Request No. 36. All documents reflecting whether MERS has recorded, or intends to record, a false assignment of the alleged loan to any other party in the Orange County records.

Response to Request No. 36:

> In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive. Subject to the foregoing general and specific objections, MERS has no documents responsive to this request.

66

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 87-88 of the Fourth Amended Complaint.

      Request No. 37. All documents reflecting whether any of the Defendants is Owner and Holder of the Note.

Response to Request No. 37:

      Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

      Request No. 38. All documents reflecting whether any holder has discharged the Promissory Note by materially and fraudulently altering it, and/or cancelling and/or renouncing it.

Response to Request No. 38:

      In addition to the foregoing general objections, Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraph 94 of the Fourth Amended Complaint.

      Request No. 39. Produce the Mortgage Loan Schedule of FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, Series 2006-FF18.

Response to Request No. 39:

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

In addition to the foregoing general objections, Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraph 109 of the Fourth Amended Complaint.

Request No. 40. All documents showing whether the loan is in the current Mortgage Loan Schedule.

Response to Request No. 40:

Subject to the foregoing general objections, Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 1, 2(d), 77, 109 of the Fourth Amended Complaint.

Request No. 41. All documents reflecting whether MERS is registered to do business in

New York.

Response to Request No. 41:

In addition to the foregoing general objections, Defendant objects to the request because it seeks documents not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because there is nothing burdensome or oppressive about producing

MERS' one (1) registration to do business in New York. Also, this response is made subject to the

General Objections, thus Defendant may indeed have such documents but be objecting to their

production.

68

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 42. Produce all documents reflecting whether MERSCORP or MERS is the holder of any note or mortgage relevant to Plaintiffs.

Response to Request No. 42:

In addition to the foregoing general objections, Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 43. All documents reflecting the identity of the custodian of the Note.

Response to Request No. 43:

Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 44. Produce all documents reflecting whether any holder has discharged the Promissory Note by materially and fraudulently altering it, and/or cancelling and/or renouncing it.

Response to Request No. 44:

Subject to the foregoing general objections, MERS has no documents responsive to this request.

69

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is subject to the 15 General Objections. Without a ruling on those objections, we cannot tell whether there are any such documents, or not. Thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

> Request No. 45. Produce all documents reflecting whether the alleged Mortgage has ever been assigned by the Lender.

Response to Request No. 45:

> In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 1 in Defendants' First Response.

This response is deficient because it is subject to the 15 General Objections. Without a ruling on those objections, we cannot tell whether there are any such documents, or not. Thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraph 107 of the Fourth Amended Complaint.

> Request No. 46. Produce the Mortgage Loan Schedule of FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, Series 2006-FF18.

Response to Request No. 46:

> Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraph 109 of the Fourth Amended Complaint.

70

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 47. Produce all relevant Pooling and Servicing Agreement(s), Subservicing

Agreement(s).

Response to Request No. 47:

Subject to the foregoing general objections, MERS has no documents responsive to
this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 76, 77 of the Fourth Amended Complaint.

Request No. 48. Produce the Pooling and Servicing Agreement dated as of
December 1,2006, among Merrill Lynch Mortgage Investors, Inc., as depositor,
LaSalle Bank National Association, as trustee, National City Home Loan Services,
Inc., as servicer.

Response to Request No. 48:

Subject to the foregoing general objections, MERS has no documents responsive to
this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such further documents but be objecting to their production. This Request

directly relates to paragraphs 2(d), 76, 77, 109, 149, 150, 151 of the Fourth Amended Complaint.

Request No. 49. Produce all charters, or other documents showing the relationships
between or among NATIONPOINT, MERSCORP, INC., MERS, HOME LOAN
SERVICES, INC., LASALLE BANK NATIONAL ASSOCIATION, FIRST
FRANKLIN, Merrill Lynch Mortgage Investors, Inc., and National City Home
Loan Services, Inc. and Lender Processing Services, Inc. and Lender Processing
Field Services and DocX LLC, a subsidiary of Lender Processing Services, Inc.

Response to Request No. 49:

In addition to the foregoing general objections, Defendant objects to the request
because it seeks documents not relevant to the subject matter of the pending action

71

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

and not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unnecessarily burdensome and oppressive.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 23, 24, 25, 28, 30-39, 35, 121, 123 of the Fourth Amended Complaint.

> Request No. 50. Produce all documents reflecting, showing, memorializing, ordering, or otherwise related to, any negotiation, transfer of possession, or transfer of ownership of the Note.

Response to Request No. 50:

> Subject to the foregoing general objections, MERS Produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

> Request No. 51. Produce all documents reflecting, showing, memorializing, ordering, or otherwise related to, any loss or destruction of the Note.

Response to Request No. 51:

> Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

72

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Request No. 52. Produce documents showing the name and address of the person having physical custody and control of the Note.

Response to Request No. 52:

Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 5, 37, 38, 39, 41, 42, 49, 67, 88-1, 91, 92, 94, 95, 96, 105, 139 of the Fourth Amended Complaint.

Request No. 53. Produce all docs related to any "secured advance," as referred to in 12 U.S.C. §1430, secured by the Note and/or Mortgage at issue.

Response to Request No. 53:

Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production.

Request No. 54. Produce all docs related to amounts paid to the Secretary under 12 U.S.C. § 2706, related to the property at issue.

Response to Request No. 54:

Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such documents but be objecting to their production.

Request No. 55. Produce all relevant Securitization Servicing Agreements.

73

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

Response to Request No. 55:

>   Subject to the foregoing general objections, MERS has no documents responsive to
>   this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production. This Request directly relates

to paragraphs 2(d), 76, 77, 109, 149, 150, 151 of the Fourth Amended Complaint.

>   Request No. 56. Produce the Accounting Ledger Entries reflecting the entire
>   transaction, from the time the loan application was received until the present.

Response to Request No. 56:

>   In addition to the foregoing general objections, Defendant objects to this request as
>   redundant. Nonetheless, subject to the foregoing general and specific objections,
>   Defendant refers Plaintiffs to its answer in response to document request number 8
>   in Defendants' First Response.

This response is deficient because it merely refers to another answer, which was a mere objection.

That response was also deficient because it is made subject to the General Objections, thus

Defendant may indeed have such documents but be objecting to their production. This Request

directly relates to paragraphs 56, 58, 60-61, 67, 75, 78, 85, 91, 108, 110, 146-9 of the Fourth

Amended Complaint.

>   Request No. 57. Produce all relevant transaction records and filings with the IRS.

Response to Request No. 57:

>   In addition to the foregoing general objections, Defendant objects to the request
>   because it seeks documents not relevant to the subject matter of the pending action
>   and not reasonably calculated to lead to the discovery of admissible evidence, and is
>   overly broad, unnecessarily burdensome and oppressive.

74

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production.

Request No. 58. Produce all relevant collateral file(s).

Response to Request No. 58:

Subject to the foregoing general objections, MERS has no documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production.

Request No. 78. All documents showing any relationship between Eileen J Gonzales and

LaSalle.

Response to Request No. 78:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Additionally, Defendant has produced any and all documents responsive to this request.

This response is deficient because it is made subject to the General Objections, thus Defendant

may indeed have such documents but be objecting to their production.

Request No. 79. All documents showing the authority of Nghia Tran to stamp the Note.

Response to Request No. 79:

In addition to the foregoing general objections, Defendant objects to this request as redundant. Nonetheless, subject to the foregoing general and specific objections, Defendant refers Plaintiffs to its answer in response to document request number 27 in Defendants' First Response.

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

This response is deficient because it is made subject to the General Objections, thus Defendant may indeed have such further documents but be objecting to their production. This Request directly relates to paragraphs 2(f), 96, 98-104 of the Fourth Amended Complaint.


## Conclusion

This Motion is based upon this Motion, the [90] Memorandum of Points and Authorities, which is hereby incorporated by reference as if fully set forth herein, the Court's files concerning this action, the [91] Declaration, as well as any evidence or matters before the Court.

The [91] DECLARATION OF JIMMY BARBERAN AND TATSIANA BARBERAN IN SUPPORT OF ORDER COMPELLING DISCOVERY AND CERTIFICATE OF COMPLIANCE WITH FRCP 37(A)(1) AND LOCAL RULE 26.1(B) is hereby incorporated by reference as if fully set forth herein.

The Motion to Compel should be granted.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of December, 2012.


_____          _____
Jimmy Barberan                            Tatsiana Barberan


NOTICE OF MOTION AND RENEWED MOTION TO COMPEL

## CERTIFICATE OF SERVICE

I certify that upon the date last written below I served a true copy of the foregoing by

United States first class mail, postage prepaid, on:

**Mortgage Electronic Registration Systems, Inc.,**
**NationPoint,**
**NationPoint Loan Services, ISAOA,**
**Lasalle Bank National Association As Trustee For First Franklin Loan Trust 2006-FF-18,**
**Mortgage Loan Asset-Backed Certificates, Series 2006-FF-18**
**c/o Jordan W. Siev**
**c/o Joseph Benjamin Teig**
**c/o Othiamba Lovelace**
> Reed Smith LLP
> 599 Lexington Avenue
> New York, NY 10022
> 212-521-5400
> 212-521-5450 (fax)

DATED this <u>8th</u> day of December, 2012.   _____

77

NOTICE OF MOTION AND RENEWED MOTION TO COMPEL