UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY BARBERAN AND TATSIANA BARBERAN,<br><br>                 Plaintiffs,<br><br>-v-<br><br>NATIONPOINT, a DIVISION OF NATIONAL CITY BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., HOME LOAN SERVICES, INC. d.b.a. NATIONPOINT LOAN SERVICES, LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR FIRST FRANKLIN LOAN TRUST 2006-FF-18 MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FF18; FIRST FRANKLIN LOAN TRUST 2006-FF-18 MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FF18; and UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE,<br><br>                 Defendants. | Case No. 07-CV-11595 (KMK)<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS** |
| LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR FIRST FRANKLIN LOAN TRUST 2006-FF-18 MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FF18<br><br>                 Cross-Claimant,<br><br>-v-<br><br>TATSIANA BARBERAN, JIMMY BARBERAN, BOARD OF MANAGERS OF SPRING HOLLOW CONDOMINIUM TWO and JOHN DOE,<br><br>                 Cross-Defendants. | |

REED SMITH LLP
Jordan W. Siev (JS-8043)
Joseph B. Teig (JT-9843)
Othiamba N. Lovelace (OL-2828)
599 Lexington Avenue
New York, New York 10022
212-521-5400

Attorneys for Defendants Nationpoint, a Division of National City Bank; Mortgage Electronic Registration Systems, Inc.; Home Loan Services, Inc., d.b.a. Nationpoint Loan Services, and Defendant and Cross-Claimant LaSalle Bank National Association as Trustee for First Franklin Loan Trust 2006-FF-18 Mortgage Loan Asset-Backed Certificates, Series 2006-FF1

# **TABLE OF CONTENTS**

                                                                            **Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF RELEVANT FACTS......................................................................................2

ARGUMENT.................................................................................................................................4

    I.      PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE IT FAILS TO IDENTIFY ANY DEFICIENCIES IN THE JULY 13, 2012 ORDER WARRANTING ITS RECONSIDERATION............................................4

    II.     PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DISMISSED BECAUSE THE DEFENDANTS HAVE PRODUCED ANY AND ALL RELEVANT AND RESPONSIVE DOCUMENTS.....................................................6

    III.    PLAINTIFFS' ARGUMENT THAT THE DEFENDANTS "MAY NOT ANSWER AN INTERROGATORY BY REFERENCING ANOTHER DOCUMENT" IS WITHOUT MERIT. ...................................................................................................8

CONCLUSION ..............................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Moore v. T-Mobile USA, Inc.*,
  2011 WL 4953996 (E.D.N.Y. Sept. 30, 2011) ............................................................................4

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995) .....................................................................................................4, 5

*Wright-Jackson v. HIP Health Plan*,
  2009 WL 1024244 (S.D.N.Y. Apr. 15, 2009) ............................................................................6

**Rules**

Fed. R. Civ. P. 60 ................................................................................................................................1

**PRELIMINARY STATEMENT**

Plaintiffs fail to identify under which Rule they have brought this frivolous motion, since they refer to it as a renewed motion to compel discovery. Defendants will address this motion as though it is a Fed. R. Civ. P. 60 motion seeking that this Court reconsider its July 13, 2012 Order denying Plaintiffs' most recent Motion to Compel (Plaintiffs' "Motion for Reconsideration"). Lovelace Aff. Exhibit "A" (July 13, 2012 Court Order).

This Motion for Reconsideration must be denied. The standard for granting a motion for reconsideration is strict and the Plaintiffs have failed to identify any controlling decisions, judicial mistakes, or newly discovered evidence that could have changed the outcome of the July 13, 2012 Court Order. As they have done in the past, the Plaintiffs are disrespecting this Court's time and resources, by filing frivolous motions which blatantly seek to relitigate issues that have already been decided by this Court.

As this Court is fully aware, during the month of December 2011, the parties labored with this Court's assistance to identify exactly which documents the Plaintiffs needed to satisfy their remaining document concerns. As a result, the Plaintiffs identified specific discovery needs and the Defendants diligently fulfilled their obligation to satisfy the Plaintiffs' discovery requests. Furthermore, despite the Plaintiffs lamentations, in its July 13, 2012 Court Order, this Court confirmed that the Defendants had sufficiently complied with the Plaintiffs' outstanding document requests.

Now, dissatisfied with this Court's decision, the Plaintiffs have filed the instant Motion for Reconsideration, filled with unfounded and baseless attacks concerning the character and integrity of the Defendants' counsel, yet devoid of any meritorious legal arguments. The Motion for Reconsideration consistently and inexplicably cites to the Plaintiffs' proposed

Fourth Amended Complaint as its sole support for the relevancy for all of the document requests referenced therein, even though this document is at this point a nullity. Without a doubt, the controlling Complaint in this matter is the Third Amended Complaint dated August 31, 2010, and the Plaintiffs' consistent an obvious disregard of this fact is yet another indicator of the lack of merit of Plaintiffs' Motion

This Motion for Reconsideration must be denied because: 1) it fails to identify controlling law, judicial mistake, or newly discovered evidence warranting reconsideration of the July 13, 2012 Court Order; 2) the Defendants have produced any and all relevant and responsive documents as requested; and 3) Plaintiffs' references to interrogatory deficiencies are irrelevant to the current proceedings.

Therefore, for the reasons further explained herein, the Defendants request that this Court deny the Plaintiffs' Motion for Reconsideration in its entirety, explicitly allow the Defendants to proceed with noticing and taking of the Plaintiffs' depositions, along with any further relief that this Court deems appropriate.

## STATEMENT OF RELEVANT FACTS

### The Parties Attempt to Settle their Discovery Disputes

On December 14, 2011, the parties participated in Court ordered mediation before Magistrate Judge Smith to establish, *inter alia*, exactly which documents the Plaintiffs still desired in order to finally satisfy document requests.

Through a series of letters between the parties, the Barberans requested that the Defendants: 1) identify the source of the documents they produced; 2) produce the original promissory note; 3) produce the Mortgage Loan Pool Schedule; and 4) produce documents

evidencing the appointment of US Bank, Bank of America or any Trustee replacing LaSalle Bank. Lovelace Aff. Exhibit "B".

Thereafter on November 23, 2011, Othiamba N. Lovelace, Esq. of Reed Smith, LLP, counsel for Defendants, sent the Plaintiffs a copy of a Notice of Appointment evidencing the appointment of US Bank as successor trustee to Bank of America, N.A., and the mortgage loan schedule titled, "Merrill Lynch FFML 2006-FFI8, Final Pool, and December 28, 2006," along with an attached cover letter printed on official Reed Smith LLP letterhead. Lovelace Aff. Exhibit "B".

On December 12, 2011, Mr. Lovelace wrote to the Plaintiffs informing them that all documents bearing the prefix MERS were provided by Mortgage Electronic Registration Systems, Inc., and that documents bearing the prefix DEF were provided by the servicer of their mortgage loan, Bank of America, N.A., on behalf of the other Defendants. Lovelace Aff. Exhibit "B".

Finally, on January 18, 2012, Plaintiffs inspected their original promissory note at the offices of Reed Smith LLP, located at 599 Lexington Avenue, New York, New York 10034. Lovelace Aff. Exhibit "B".

## Plaintiffs File their Initial Motion to Compel

Nonetheless, on or about April 26, 2012, the Plaintiffs filed their initial Motion to Compel requesting that the Defendants: 1) identify the source of the documents they produced; 2) produce the original promissory note; and 3) produce the Mortgage Loan Pool Schedule. Lovelace Aff. Exhibit "C" (Plaintiffs Motion to Compel dated April 26, 2012).

### Plaintiffs' Motion to Compel is Denied

On or about July 13, 2012, this Court denied the Motion to Compel and warned the Plaintiffs that if they decided to file another motion to compel, they would need to demonstrate the relevancy of each discovery request. Lovelace Aff. Exhibit "B". Additionally, this Court ordered the Defendants to respond to any new document requests contained in Plaintiffs' Second Amended Request for the Production of Documents. Id.

### The Defendants Serve Their Responses to the Plaintiffs Newly Identified Discovery Requests

On or about October 16, 2012, the Defendants served individual responses to Plaintiff's Second Amended Request for the Production of Documents, which provided responses to all of Plaintiffs' newly identified document requests (collectively, "Defendants Responses). Lovelace Aff. Exhibit "D" (Defendants' Responses).

On or about December 8, 2012, the Plaintiffs filed the current Motion for Reconsideration of the July 13, 2012 Order denying their Motion to Compel.

### ARGUMENT

I. **PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE IT FAILS TO IDENTIFY ANY DEFICIENCIES IN THE JULY 13, 2012 ORDER WARRANTING ITS RECONSIDERATION**

The standard for granting a motion for reconsideration is "strict." Moore v. T-Mobile USA, Inc., 10-CV-527 SLT CLP, 2011 WL 4953996 (E.D.N.Y. Sept. 30, 2011) quoting, Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court" Id. "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

Plaintiffs' Motion for Reconsideration should be denied as a matter of law because if fails to identify any controlling decisions, judicial mistakes, or newly discovered evidence in the July 13, 2012 Order which would reasonably be expected to alter the conclusion reached therein. The Motion for Reconsideration is an unveiled attempt by the Plaintiffs to relitigate the same baseless allegations set forth in their initial Motion to Compel. For example, as in their initial Motion to Compel, Plaintiffs have attacked the sufficiency of nearly all of the responses contained in the Defendants' Responses on grounds that they are deficient because they are made pursuant to general objections. See Motion for Reconsideration.

However, despite the Plaintiffs' confusion with the Defendants' use of general objections, the Defendants have produced all relevant documents and have not withheld any relevant and responsive documents. Lovelace Aff. ¶ 2. Additionally, the Plaintiffs have not identified any facts or evidence that would suggest that the Defendants have withheld any relevant and responsive documents as a result of the general objections contained in the Defendants' Responses.

Furthermore, even though this Court explicitly instructed the Plaintiffs that any additional requests for the compulsion of documents must be accompanied by a showing that the request is relevant, the Plaintiffs have failed to do so. Instead, they merely reference paragraphs from their unauthorized and non-controlling proposed Fourth Amended Complaint. However, all of Plaintiff's references to the Forth Amended Complaint and the contents therein are not relevant to the current proceedings since this Court has not adopted the proposed Forth Amended

Complaint to date. Moreover, merely because Plaintiffs referenced something in their proposed pleading does not establish its relevance to any claim or defense in this action.

Accordingly, Plaintiffs Motion for Reconsideration should be denied as a matter of law because Plaintiffs have failed to identify any controlling decisions, judicial mistakes, or newly discovered evidence which would reasonably be expected to alter the conclusion reached by this Court in the July 13, 2013 Court Order. Furthermore, this Court should deny the Motion for Reconsideration because of the Plaintiffs' sole reliance on the proposed Fourth Amended Complaint to establish the relevancy of the document requests at issue. This Court has already warned the Plaintiffs that their document requests must be relevant and the Plaintiffs continued reliance on the proposed Fourth Amended Complaint does not establish the relevancy of the document requests at issue.

Accordingly, for the above reasons, the Motion for Reconsideration should be denied in its entirety and this Court should explicitly allow the Defendants to conduct depositions immediately, along with any further relief that this Court deems appropriate.

## II. PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DISMISSED BECAUSE THE DEFENDANTS HAVE PRODUCED ANY AND ALL RELEVANT AND RESPONSIVE DOCUMENTS

Plaintiffs' Motion for Reconsideration should also be denied because the Defendants have already: 1) identified the source of the documents they produced; 2) produced the original promissory note; and 3) produced the Mortgage Loan Pool Schedule. Wright-Jackson v. HIP Health Plan, 07 CIV. 1819 (DFE), 2009 WL 1024244 (S.D.N.Y. Apr. 15, 2009) (motion to compel denied because requested discovery had already been produced or satisfied to the extent relevant information existed and further discovery would not reasonably lead to the discovery of relevant information). Additionally, the July 13, 2012 Order of this Court

confirmed that the Defendants fully complied with the Plaintiffs' demands that that the Defendants: 1) identify the source of the documents they produced; 2) produce the original promissory note; 3) produce the Notice of Appointment; and 4) produce the Mortgage Loan Pool Schedule. Lovelace Aff. Exhibit "B".

The Plaintiffs have not identified any new facts or evidence in support of their Motion of Reconsideration. They have only supplied this Court with self-serving, conclusory statements that their discovery demands were not satisfied. Baseless accusations made by the Plaintiffs that the July 13, 2012 Order should be reversed because they disagree with its results are not sufficient to satisfy the strict standard needed for this Court revisit its July 13, Order. This Court should not allow the Plaintiffs to use this Motion for Reconsideration as a tool to side step and relitigate the clear conclusions reached by this Court in its July 13, 2012 Order. As stated above, Plaintiffs have failed to identify any controlling law, judicial mistake, or new discovered evidence which would have changed the outcome reached in the July 13, 2012 Order.

Additionally, should this Court wish to review the original promissory note signed by the Plaintiffs, it currently remains in the physical custody of counsel for the Defendants and can be made immediately available for an *in camera* review at this Court's convenience. Furthermore, should this Court decide to set a hearing date for this Motion for Reconsideration, Defendants' Counsel is willing to bring the original promissory note to the hearing for this Court's *in camera* review.

Therefore, this Court should deny Plaintiffs' Motion for Reconsideration because the Defendants have already produced any and all relevant documents requested by the Plaintiffs

and this Court should explicitly allow the Defendants to notice and take depositions immediately, along with any further relief this Court deems appropriate.

### III. PLAINTIFFS' ARGUMENT THAT THE DEFENDANTS "MAY NOT ANSWER AN INTERROGATORY BY REFERENCING ANOTHER DOCUMENT" IS WITHOUT MERIT.

The Plaintiffs allege that a number of the answers contained in the Defendants' Responses are deficient because they reference answers provided by the Defendants in previous document requests which dealt with overlapping documents and or information. For example, on page 61 of the Motion for Reconsideration the Plaintiffs claim that the response submitted by MERS in response to Document Request No 23 is deficient because, in addition to objecting to the document request as redundant, the response also refers the Plaintiffs to an answer contained in the Defendants' First Response to the Plaintiffs' Request for the Production of Documents.

The objection, which is used frequently in the Motion for Reconsideration, is critically flawed because each time it is utilized it mischaracterizes the Defendants' Document Responses as interrogatory responses. There were no interrogatories included in Plaintiffs' Second Amended Request for the Production of Documents. As a result, the Defendants could not have submitted any deficient interrogatory responses - because there were no interrogatories to answer. Thus Plaintiffs' arguments concerning the existence of deficient interrogatory responses are completely and utterly irrelevant to the current proceedings.

## CONCLUSION

**WHEREFORE**, for the reasons contained herein, the Defendants request that this Court deny Plaintiffs' Motion for Reconsideration and explicitly order that the Defendants may notice and take depositions immediately, along with costs, attorneys' fees, and any other relief deemed proper by this Court.

Dated: New York, New York
        January 11, 2013

                              REED SMITH LLP
                              By:    s/ Othiamba N. Lovelace
                                    Jordan W. Siev (JS-8043)
                                    Joseph B. Teig (JT-9843)
                                    Othiamba N. Lovelace (OL-2828)
                              599 Lexington Avenue
                              New York, New York 10022
                              Tel.:  (212) 521-5400
                              *Attorneys for Defendants*
                              *Nationpoint, a Division of National City Bank,*
                              *Home Loan Services, Inc.,*
                              *Mortgage Electronic Registration Systems, Inc.,*
                              *and LaSalle Bank National Association*